IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN CERNA, *et al*.<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**NOTICE TO COUNSEL FOR DEFENDANTS MANUEL FRANCO, LUIS HERRERA, DANIEL PORTILLO, AND DANILO VELASQUEZ** |

Counsel for defendants Manuel Franco, Luis Herrera, Daniel Portillo, and Danilo Velasquez — the defendants proceeding to trial after the conclusion of the current trial — shall be ready to proceed to trial on October 17, as previously stated (Dkt. No. 3675). To that effect, counsel should keep abreast of the issues in the current long trial to the extent relevant to their clients. If this means reading the transcripts (or portions) or exhibits, then please do so as the current long trial progresses. Please do not assert as October 17 approaches that counsel must obtain and read the current trial transcripts since this can and should be done on a current basis.

Counsel are also reminded that the fact that their clients were severed for a separate trial does not mean that prior deadlines have been rendered inapplicable. As prior scheduling orders have cautioned, all pretrial deadlines applied to all defendants, irrespective of any possible severance (*see, e.g.,* Dkt. Nos. 1912, 2513). For example, the deadline for motions to suppress passed well before any defendants were severed from the instant trial (Dkt. No. 1921 at 5–6). Accordingly, motions to suppress will only now be considered if they are based on *new*

information that was unavailable prior to the deadline despite due diligence of counsel. As such, any motion to suppress must be accompanied by a sufficient proffer on this point. This applies to all pretrial motions for which the deadline passed prior to severance.

**IT IS SO ORDERED.**

Dated: June 13, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2