IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANILO VELASQUEZ, *et al*.<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER DENYING AS UNTIMELY DEFENDANT DANILO VELASQUEZ'S MOTION TO SUPPRESS STATEMENTS** |

     The deadline for motions to suppress for defendants not eligible for the death penalty was July 27 (Dkt. No. 1921). In accordance with that deadline, counsel for defendant Danilo Velasquez filed an omnibus motion on July 27 to suppress evidence seized as a result of various state warrants (Dkt. No. 1998). After filing this motion, counsel was informed by the government that some of the evidence at issue was also the subject of three federal search warrants not previously produced. Accordingly, defense counsel was permitted to file an additional motion to suppress after the original filing deadline and a ruling on the suppression motion based on the state warrants was reserved until the motion regarding the federal warrants was briefed and argued (Dkt. Nos. 2178, 2293). Both sets of motions were ultimately argued and denied in October 2010 (Dkt. No. 2420).

     On January 26 — three months after litigation regarding the suppression motions had concluded — defendant Velasquez's motion to be severed from the main trial was granted (Dkt. Nos. 3135, 3395). This severance was granted due to personal issues faced by defense

counsel and was *not* granted on any other grounds (such as preparedness of counsel). Counsel were informed that the severed trial would immediately follow the first trial. Except for deadlines relating to pretrial motions *in limine*, no modifications were made to the scheduling orders on account of the severance. This was in accord with the Court's numerous prior warnings that, unless otherwise specified, any severance or continuance would not change the pretrial deadlines established in the scheduling orders (*see, e.g.*, Dkt. Nos. 1912, 2513).

Now, almost a year after the filing deadline, defendant Velasquez seeks to suppress statements he made to the police on July 8, 2009 (Dkt. No. 4443). The motion is **DENIED** as untimely. The motion appears to be based on information that was available prior to the July 2010 filing deadline and the motion does not offer any explanation as to why it could not have been brought earlier despite due diligence of counsel.

Of course, if the suppression motion is in fact based on new information that was unavailable prior to the filing deadline, counsel may file an application for leave to file a motion for reconsideration. Any such application should include an adequate proffer (sworn declarations and/or exhibits) that identifies the new information and explains its relevance to the suppression motion.

**IT IS SO ORDERED.**

Dated: June 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2