IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL FRANCO, et al.,<br><br>Defendants.<br>                                                              / | No. CR 08-0730 WHA<br><br>**UPDATED SCHEDULING ORDER REGARDING MAJOR DEADLINES FOR SEVERED DEFENDANTS** |

This scheduling order establishes some new deadlines for the severed defendants and, to that extent, supersedes the prior scheduling order (Dkt. No. 2513). To facilitate orderly case management and allow counsel to more efficiently prepare for trial, in some instances this scheduling order gives the parties a "second shot" at certain items for which the deadline has already passed. No further modification of the deadlines will be permitted, however, absent a clear showing of good cause. Where counsel is uncertain about a deadline or believes deadlines conflict, it is counsel's burden to seasonably bring the matter to the undersigned's attention.

**1.     TRIAL DATE.**

As specified in prior orders, all remaining defendants in this action will proceed to trial on **OCTOBER 17, 2011** (Dkt. Nos. 3675, 4469). The trial date is firm and will not be continued unless counsel demonstrates good cause via proper motion. At the August 31 status conference, all counsel must advise the Court of any intention to file a continuance motion. Counsel are

1  reminded, however, that six months ago the Court previously found all counsel were prepared to
2  proceed to trial by March 7 (Dkt. No. 3395).

3  All counsel should also come prepared to the August 31 status conference to advise the
4  Court with a trial-length estimate so that the Court may clear the appropriate number of
5  prospective jurors.

### 2. PRETRIAL CONFERENCE AND PRETRIAL MOTIONS.

The pretrial conference will be held on **OCTOBER 3 AT 7:30 A.M.** All motions to be heard at the pretrial conference must be filed no later than **SEPTEMBER 19 AT NOON**, unless a different deadline is stated herein or established in a later order. Responses to any pretrial motions must be filed by **SEPTEMBER 26 AT NOON**. Replies must be filed by **SEPTEMBER 28 AT NOON**.

### 3. MOTIONS DIRECTED AT THE PLEADINGS.

The deadline for all motions directed at the third superseding indictment has passed (Dkt. Nos. 851, 998, 1921, 2513).

### 4. MOTIONS TO SUPPRESS.

The deadline to submit suppression motions, including motions to suppress involuntary statements, has passed (Dkt. Nos. 851, 998, 1921, 2285, 2513).

### 5. MOTIONS TO SEVER.

The deadline for motions to sever has passed (Dkt. Nos. 1921, 2513, 3135, 3395). Nonetheless, defendants Luis Herrera and Manuel Franco have filed additional motions to sever, which the Court will consider (Dkt. Nos. 4782, 4841). The briefing schedule for these motions was established in a prior order and these motions will be heard at the August 31 status conference (Dkt. No. 4919).

### 5. RULE 12.1, 12.2, AND 12.3 NOTICES.

Any defense notice required by Rule 12.2 must be filed by **AUGUST 19 AT 5 P.M.** Any motion by the government for a court-ordered mental examination must be filed by **AUGUST 24 AT NOON**. Any response to a request for a court-ordered mental examination must be filed by **AUGUST 26 AT NOON**.

Any defense notice required by Rule 12.1 or 12.3 must be filed by **SEPTEMBER 12 AT NOON**.

### 6. GOVERNMENT EXPERT DISCLOSURES.

The deadline for government expert disclosures required by Rule 16(a)(1)(G) has passed (Dkt. Nos. 1921, 2513). Similarly, the deadline for *Daubert* and other defense objections to government experts already disclosed has passed and all such motions were ruled on long ago (Dkt. Nos. 2102, 2185, 2265, 2781, 3050).

Nonetheless, to avoid expert disclosure snafus for the upcoming trial, if the government has not yet served the expert summaries and reports required by Rule 16 on any of the severed defendants, it must do so by **AUGUST 31 AT NOON**. This includes any cell-site analysis. This is without prejudice to any argument that any such report or summary was due long before and would be untimely at this point.

Any motion to exclude a newly-disclosed government expert must be filed by **SEPTEMBER 12 AT NOON**. If any such motion is filed, a briefing schedule will be set at that time.

Note that during the April 4 trial, the Court conducted a *Daubert* hearing on the proposed testimony of cell-site location information expert Nikki Skovran and found that the proposed testimony satisfied *Daubert*. The Court recognizes, however, that counsel for the severed defendants did not participate in that *Daubert* hearing and the government has not yet disclosed cell-site expert opinion related to the Daly City homicide. If the government intends to use cell-site expert opinion that has not already been disclosed, its disclosure must be made by the August 31 deadline established above and must include all maps and illustrations sought to be shown to the jury. Any defense motion to exclude cell-site expert testimony must advise the Court if there is any new evidence or argument that would warrant a further *Daubert* hearing on the issue.

### 7. DEFENSE RECIPROCAL DISCLOSURES AND EXPERTS.

All Rule 16 reciprocal expert disclosures (including reports and summaries) must be produced to the government by **SEPTEMBER 9 AT NOON**.[1] Motions to exclude defense experts

---

[1] Rebuttal reports and summaries are not required by Rule 16(a)(1)(G), which specifically applies only to the government's "case-in-chief."

3

must be filed by **SEPTEMBER 19 AT NOON**. If any such motion is filed, a briefing schedule will be set at that time.

All other Rule 16 defense reciprocal disclosures must be produced to the government by **SEPTEMBER 12 AT NOON**.

### 8. RULE 404(B) NOTICE AND CO-CONSPIRATOR STATEMENT SUMMARIES.

By **SEPTEMBER 12 AT NOON**, the government must fully comply with all requirements of Local Rule 16-1(c). The government must disclose: (1) a summary of any evidence of other crimes, wrongs, or acts which it intends to offer under FRE 404(b), which is supported by documentary evidence or witness statements in sufficient detail such that the undersigned may rule on the admissibility of the proffered evidence; and (2) a summary of any co-conspirator's statement the government intends to offer under FRE 801(d)(2)(E) in sufficient detail such that the undersigned may rule on the admissibility of the statement.

Any motions challenging such evidence must be noticed for hearing at the pretrial conference, pursuant to the deadlines and briefing schedule outlined above in Section Two.

### 9. FINAL GOVERNMENT EXHIBIT LIST AND WITNESS LIST.

By **SEPTEMBER 19 AT NOON**, the government must provide a final trial exhibit list and a final list of witnesses for its case-in-chief, including civilian witnesses. If the list exceeds 75 names, then the list must also set forth the first fifteen witnesses and the government's first fifteen witnesses will be limited to those fifteen.

### 10. *HENTHORN* MATERIAL.

All *Henthorn* material on all law enforcement witnesses whom the government anticipates calling should have already been produced to counsel as the deadline for such production occurred prior to severance of the remaining defendants (Dkt. Nos. 1921, 2513). If, however, the government has any additional *Henthorn* material to produce, it must do so by **SEPTEMBER 26 AT NOON.** If the government seeks *in camera* review of "close-calls" in its *Henthorn* review, it must provide the undersigned with ample time to review the records. At all events, any such request for *in camera* review must be submitted by **SEPTEMBER 14 AT NOON**.

**11. *BRADY* MATERIAL.**

As stated numerous times before, it is up to the government to ensure that all *Brady* information is produced in time for its effective use at trial. At a minimum, however, the government must produce non-Jencks *Brady* material *at least* **THIRTY-FIVE CALENDAR DAYS** before trial.

All non-Jencks *Brady* information for witnesses the government eventually elects *not* to call must be disclosed as soon as the government makes the election and in all events *at least* **SEVEN CALENDAR DAYS** before the government rests its case in chief. If it has or does subpoena them, the government must keep such witnesses under subpoena so that defendants shall, when the time comes, be in a position to call them in the defense case without delay.[2]

**12. NOTICE OF INTENTION TO REQUEST SPECIFIC JURY INSTRUCTIONS.**

If the government intends to seek a *Pinkerton* instruction, it should file notice by **SEPTEMBER 6 AT NOON** and specify the fact scenario(s) that would warrant such an instruction.

Likewise, if any defendant intends to seek an entrapment instruction or duress instruction, the defendant shall notify the Court by the same date and time.

**13. TRANSLATIONS/TRANSCRIPTIONS.**

The proponent of a translation and/or transcription of a conversation or statement to be used at trial must notify the other side *in writing* at least **ONE WEEK** before showing it to the jury and must produce with the notice a *fresh copy* of the proposed translation/transcription. The fact that a copy was previously provided in discovery will not satisfy this requirement. The notice must identify the sponsoring witness and should be a stand-alone notice and should not be buried in an email or letter covering multiple items.

By **5 P.M.** on the **THIRD CALENDAR DAY** following the notice, any counsel who wishes to object must do so in writing, specifying the particular passages in question and stating the objecting party's alternative reading (or saying it is inaudible). This objection need not be filed

---

[2] Example: Civilian witness can inculpate Defendant A and exculpate Defendant B. Prosecutor decides not to call witness after all but knows (or agent knows) witness can exculpate B. Prosecutor must not release witness from subpoena and must advise B's counsel of exculpatory evidence. *Giglio* material need not be produced for police witnesses the government elects not to call.

5

but must be served. The parties are then to endeavor to resolve any disagreement.

If the parties cannot come to an agreement, any unresolved objection for the Court's consideration must be filed by **5 P.M.** on the **FIFTH CALENDAR DAY** following the notice.

**IT IS SO ORDERED.**

Dated: August 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE