IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DANILO VELASQUEZ, *et al*.<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. CR 08-0730 WHA<br><br>**ORDER DENYING GOVERNMENT MOTION TO QUASH SUBPOENA TO DALY CITY POLICE DEPARTMENT** |

　　　　The government moves to quash defendant Danilo Velasquez's June 20 subpoena to the Daly City Police Department. After full consideration of the parties' submissions and arguments presented at the hearing, the motion is **DENIED**. The Daly City Police Department shall produce documents and things responsive to the subpoena's subsections (a) through (g) within **14 CALENDAR DAYS**.[1]

　　　　*First*, the subpoena seeks material that is evidentiary, relevant and not otherwise procurable reasonably in advance of trial. Specifically, the subpoena seeks: (a) video and audio tapes recorded at or near the Daly City BART station; (b) results of DNA testing of defendant Velasquez; (c) bench notes related to DNA analysis done as part of the investigation of the Daly City BART homicide; (d) cell-site related information; (e) copies of photo arrays and/or line-ups in which defendant Velasquez was included; (f) an updated criminal conviction record for a number of individuals; (g) taped witness interviews; (h)

---

[1] At the hearing,, counsel for Danilo Velasquez withdrew the request in subsection (h) for SFPD, ICE, DEA, and FBI reports and notified the Court that the Daly City Police Department already responded to the request for documents related to ballistics testing in subsection (i).

SFPD, ICE, DEA, and FBI reports, chronological reports, lab notes, videos, photographs, and other material related to the homicide; and (i) documents related to ballistics testing of a .357 firearm and ammunition found at 26 Leo Street, casings and ammunition found at the homicide scene, and a .380 firearm and/or casings found in a car driven by Luis Herrera on March 4, 2009.  The subpoenaed material is directly relevant to defendant Velasquez's defense, particularly because defendant Velasquez is alleged to have been involved in the homicide.

*Second*, although the government argues that the material has already been produced in discovery, the government has not shown that all requested material in the custody and control of the Daly City Police Department has already been produced to the defense.  The government's generalized assertion that certain categories of records relating to the Daly City BART homicide does not directly address the specific requests made by defendant Velasquez.  As the declaration of Attorney Daniel Horowitz makes clear, there are a number of records that may be in the possession of the Daly City Police Department but which were not produced by the government.  Moreover, since the government has disavowed the Daly City Police Department as an agent for *Brady* purposes, the government is not the definitive source on what the Daly City Police Department does and does not have.[2]

*Third*, the government's argument that the request is "unreasonably onerous" is also not substantiated.  There is no indication that the government has conferred with the Daly City Police Department in detail regarding its capacity to comply with the subpoena and the motion does not articulate any basis for determining that the request is unreasonably onerous.  Significantly, the specific request highlighted by the government as most burdensome — the request for SFPD, ICE, DEA, and FBI reports and documents in subsection (h) — has been withdrawn.

*Finally*, the production of witness statements that are in the possession of the Daly City Police Department is not barred by the Jencks Act.  The Jencks Act provides that "no statement

---

[2] Even though the subpoena was served on the Daly City Police Department — and not the government — Defendant Velasquez does not contest the government's standing to bring the instant motion.

2

or report *in the possession of the United States* which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. 3500(a).  Although the fact that the statements were not federally obtained and were instead obtained by a local police department does not bar the statements from being covered by the Jencks Act, the state-obtained statements must still be in the *possession* of the federal government to qualify as Jencks Act materials.  *See United States v. Fort*, 472 F.3d 1106, 1117 (9th Cir. 2007).  Defendant Velasquez is not asking the government to turn over material in its possession.  Nor is there any indication that the United States has possession of the same witness statements sought from the Daly City Police Department.

Additionally, the government has, on numerous occasions, disavowed local police departments as agents for *Brady* purposes.  Counsel for defendant Velasquez has accordingly been required to conduct their own investigation and acquire materials related to the Daly City BART homicide via third-party subpoena.  There is no binding authority that bars a defendant from seeking witness statements from a third party who the government does not claim it has an agency relationship with.  The government cannot disavow a *Brady* relationship with the Daly City Police Department on the one hand but prevent production of witness statements as Jencks material with the other.

**IT IS SO ORDERED.**

Dated: August 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE