IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MANUEL FRANCO, et al.,<br><br>    Defendants.<br>                                       / | No. CR 08-0730 WHA<br><br>**ORDER CONTINUING STATUS CONFERENCE FOR SEVERED DEFENDANTS AND REQUEST FOR SUBMISSION OF STATUS CONFERENCE STATEMENTS** |

Due to the illness of defendant Daniel Portillo, the status conference scheduled for Wednesday, August 31 must be postponed until **WEDNESDAY, SEPTEMBER 7 AT 9 A.M.**

Because the Court intends to go forward with trial on October 17 barring a continuance, the Court requests that all counsel submit individual status statements addressing certain issues originally scheduled to be discussed during the August 31 status conference (*see* Dkt. No. 4999).[1] This will allow the Court to proceed with administrative/scheduling matters prior to the September 7 status conference.

The statements should address all of the issues laid out below as well as any administrative or scheduling matters counsel had planned to raise at the August 31 status conference.[2] All statements must be submitted by **WEDNESDAY, AUGUST 31 AT NOON**.

---

[1] Even if a severance is granted for any defendant, the trial of any remaining defendants will proceed on October 17.

[2] No further submissions are needed regarding the requests for severance filed by defendants Luis Herrera and Manuel Franco.

*First*, counsel should advise the Court of any intention to seek a continuance of the October 17 trial date and the reason for any such request, keeping in mind that the Court previously found all counsel were prepared to proceed to trial by March 7, 2011 (Dkt. No. 3395).

*Second*, counsel should provide the Court with a trial-length estimate (including jury selection and jury deliberations).  In this regard, the Court currently intends to pre-clear prospective jurors for four months starting on October 17.  If counsel believes a longer or shorter period is appropriate, this should be explained in the statement.

*Third*, counsel should advise the Court of any objections to the use of a hardship letter and questionnaire similar to those used in the April 4 trial (Dkt. No. 2371).[3]  The Court intends to mail hardship letters and questionnaires to the prospective venire this Thursday, September 1.  These will be similar but not identical to the letter and questionnaire used for the April 4 trial.

*Fourth*, counsel should advise the Court of any request to review the hardship questionnaire responses before the Court excuses venirepersons for hardship prior to *voir dire*.  In the April 4 trial, counsel were provided with hardship questionnaire responses for all venirepersons claiming hardship except for those excused for clear-cut excuse.  These responses were provided to counsel so that the parties could endeavor to enter into a stipulation regarding which venirepersons should be excused for hardship.  This endeavor proved to be largely unfruitful despite the expenditure of considerable court resources.  Accordingly, the Court is not inclined to provide counsel with the hardship questionnaire responses prior to ruling on clear-cut hardship excusals.

On an unrelated issue, the Court notes that the government has not requested court-ordered mental examinations for any defendant although three of the four defendants filed FRCrP 12.2 notices.  The deadline for any such request was August 24 (Dkt. No. 4999).

Dated: August 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[3] The content of the substantive questionnaire, if one is used, will be addressed at a later time.

2