IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER RE MOTIONS TO SEVER** |
| MANUEL FRANCO, *et al*. | |
| Defendants. | |

**INTRODUCTION**

Defendants Luis Herrera and Manuel Franco move to be severed from all of their co-defendants (Dkt. Nos. 4782, 4841). In the alternative, defendant Herrera moves for severance from defendant Franco. For the reasons stated herein, the motions are **GRANTED IN PART AND DENIED IN PART**. Defendant Franco will be severed from his co-defendants and will be tried separately very soon after the conclusion of the October 17 trial. Defendants Luis Herrera, Danilo Velasquez and Daniel Portillo will be tried together beginning on October 17, as previously scheduled.[1]

**STATEMENT**

In this RICO/VICAR MS-13 gang prosecution, the indictment was filed in October 2008; was superseded in 2009; and the third and final superseding indictment was filed in September

---

[1] A further competency hearing for defendant Portillo is scheduled for September 14. Whether defendant Portillo will proceed to trial on October 17 of course depends on the outcome of that hearing. Counsel for defendant Portillo has been advised on multiple occasions, however, that he must be prepared to proceed to trial on October 17, as defendant Portillo was originally scheduled to go to trial six months ago.

2009. A total of 34 defendants were accused. Twenty-two have pled guilty, one was tried in March 2010 and seven others were tried in April to August 2011. Four now remain for trial.

Defendant Portillo was scheduled to proceed to trial with the seven other defendants who commenced to trial in April 2011. On the eve of trial, however, defendant Portillo's counsel alleged defendant Portillo was incompetent to proceed. Competency proceedings were held and defendant Portillo was committed to the custody of the Attorney General for further evaluation and competency restoration. After defendant Portillo was evaluated for four months, the Mental Health Unit of the United States Medical Center for Federal Prisoners notified the Court that it was of the opinion that defendant Portillo was competent to stand trial and will remain competent for the foreseeable future. As previously stated, a competency hearing before the Court is scheduled for September 14. If defendant Portillo is found competent, he will proceed to trial on October 17.

The three other defendants — Luis Herrera, Danilo Velasquez and Manuel Franco — were previously severed and scheduled to proceed to trial together after the conclusion of the April 2011 trial (Dkt. No. 3395).[2] Defendant Herrera was severed because although evidence of acts by his co-conspirators committed prior to his joining the conspiracies in December 2008 would have been admissible to prove the existence of the enterprise and conspiracies, the Court found that he should proceed to trial with a "smaller number of defendants" to mitigate the risk of spillover prejudice. Defendant Velasquez was severed because trial counsel was faced with personal family issues rendering her unable to serve as counsel during the April 2011 trial. Defendant Franco was severed due to potential *Bruton* complications arising from certain testimonial statements he made inculpating co-defendants Moris Flores, Jonathan Cruz-Ramirez and Guillermo Herrera. These statements were identified by defendant Franco's co-defendants. Defendant Franco's original severance motion did not identify testimonial statements with any specificity.

---

[2] Prior to their severance, the trial date had been postponed twice — first from May 2010 to September 2010, and then from September 2010 to March 2011 (Dkt. No. 1922). After the severance of defendants Herrera, Velasquez and Franco, the trial date for the unsevered defendants was continued once more from March 2011 to April 2011, for a total of three prior postponements (Dkt. No. 3552).

2

After defendants Velasquez, Herrera and Franco were severed from the defendants who proceeded to trial on April 2011, they were repeatedly reminded that they were to proceed to trial together shortly after the conclusion of the April 2011 trial and were provided with a trial date of October 17. Similarly, defendant Portillo was advised that if he was found competent to proceed, he would proceed to trial with the severed defendants on October 17.

As the April 2011 trial drew to a close, and prior to a pre-scheduled status conference for the severed defendants, defendants Herrera and Franco filed the instant motions seeking severance.

**ANALYSIS**

As an initial matter, although the instant motions for severance are the second motions for severance filed by defendants Franco and Herrera, the motions will be considered because when the original severance motions were filed, counsel could not have known the Court would sever defendants Herrera, Velasquez and Franco and order them to proceed to trial together; nor could counsel have anticipated that defendant Portillo would have to be severed due to competency issues. *See* Criminal L.R. 2-1; *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration of a prior ruling warranted when a material difference of fact exists from what was previously presented in the original motions and counsel could not have known of the difference despite reasonable diligence). Thus, although the prior order ruled that defendants Herrera, Velasquez and Franco would proceed to trial together, the instant motions for severance will be considered on the merits. The arguments for severance of defendants Franco and Herrera are accordingly addressed in turn below.

**1.    DEFENDANT MANUEL FRANCO.**

**A.    Severance Under FRCrP 8.**

Defendant Franco's argument that he must be severed under FRCrP 8 due to misjoinder is rejected. *First*, the request is untimely as all motions for severance based on the face of the indictment were due by February 2010 (*see, e.g.,* Dkt. No. 1921). *Second*, the argument for severance based on FRCrP 8 fails on the merits. Defendant Franco's assertion that he was not a member of the charged conspiracies from 2005 to the date of his arrest and his claim that he

3

disassociated from the conspiracies are not bases for finding misjoinder. There remains a factual dispute regarding whether or not defendant Franco was a member of the charged conspiracies during the relevant time periods and the allegation that defendant Franco may have withdrawn from the conspiracies prior to or after his arrest does not amount to misjoinder. Severance is not warranted under FRCrP 8.

### B. Severance Under FRCrP 14.

Defendant Franco also seeks severance from his co-defendants pursuant to FRCrP 14 and defendant Herrera similarly seeks severance from defendant Franco pursuant to FRCrP 14. These requests are granted because there is a substantial risk that undue prejudice will inure against defendant Franco's co-defendants if he were to proceed to trial with them.

Most significantly, it is apparent that a considerable amount of time will be spent during defendant Franco's trial addressing when defendant Franco was a government informant (as all parties agree he was an informant at some points in time) and which of his criminal acts were or were not authorized by his agreements with the government. These issues are generally irrelevant to defendants Herrera, Velasquez and Portillo and are sufficiently time consuming and distracting to warrant severance of defendant Franco.

Another factor counseling in favor of severance is the logistical problem of trying defendant Franco and his co-defendants in the same courtroom. Defendant Franco's prior status as a government informant has allegedly made him a target for attacks by his co-defendants. As such, at the request of the government and defendant Franco's counsel, defendant Franco has been physically isolated from his co-defendants during court hearings. This arrangement will not be possible during trial. The defendants cannot be restrained in such a way that no attack on defendant Franco will be possible if he were to sit near them. But there would be a significant risk of prejudicial speculation amongst the jurors if defendant Franco is seated separately from his three co-defendants. This logistical limitation militates in favor of a separate trial for defendant Franco.

Finally, although not independently a basis for severance, the risk of undue prejudice due to mutually antagonistic defenses between defendant Franco and his co-defendants supports a

severance. Counsel for defendant Franco has asserted that she will "put all co-defendants on trial and prove that they conspired with each other, and not with [defendant Franco]" and intends "to join with the prosecution in showing the jury that [defendant Franco's] codefendants were murder[er]s as well as convicted felons, who on their own reeked [sic] havoc on the streets of San Francisco" (Dec. 10 Severance Motion). Some antagonism is unavoidable in a joint trial but counsel for defendant Franco threatens to be as antagonistic as humanely possible. *See United States v. Tootick*, 952 F.2d 1087, 1082–83 (9th Cir. 1991).

Although there is no need to consider other arguments for severance posed by defendant Franco, it bears noting that his argument that he must be severed due to the risk of "guilt by association" is without merit. Defendant Franco has been charged with being a member of the same conspiracy as his co-defendants and our court of appeals has repeatedly explained that joint trials are particularly appropriate in conspiracy cases. *United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2004). Moreover, defendant Franco's bare assertion that the evidence against his co-defendants is "stronger" than the evidence against him is unsupported and not necessarily a basis for severance.[3]

### B.     Defendant Luis Herrera.

In addition to his request to be severed from defendant Franco, defendant Herrera also requests to be severed from defendants Velasquez and Portillo. This request is rejected. Defendant Herrera will proceed to trial with defendants Velasquez and Portillo.

Our court of appeals has emphasized that "a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *Fernandez*, 388 F.3d at 1243 (citations omitted). FRCrP 14 "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."

---

[3] The record should also reflect that the assertion by counsel for defendant Franco (with no citation) that the Court stated during the January 10 severance hearing that it had not read defendant Franco's prior severance motion is false (Reply 2). The Court had indeed read counsel's papers and an exhaustive review of the January 10 proceedings reveals no such statement was ever uttered by the Court.

5

*Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). Severance is warranted "only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539. The risk of undue prejudice against defendant Herrera if he goes to trial with defendants Velasquez and Portillo is minimal. With only three defendants on trial, the jury will be able to compartmentalize defendant Herrera's involvement in the conspiracy from that of his co-defendants where appropriate.

Witness considerations and logistical issues also weigh in favor of a joint trial, especially with respect to defendants Herrera and Velasquez. Both are alleged to have participated in the Daly City BART homicide and the evidence against both defendants is inextricably intertwined. The third superseding indictment alleges that defendant Herrera drove defendant Velasquez and another MS-13 member to and from the vicinity of the Daly City BART station in a "hunt" for Nortenos and was present when defendant Velasquez discharged firearms into a car — killing Moises Frias and wounding three others. The same witnesses and evidence will be necessary to prove up each defendants' involvement in the homicide and severance would only result in an unnecessary duplication of court resources and exacerbate witness inconvenience and safety concerns. Significantly, the Daly City BART homicide occurred over two and a half years ago and as exemplified during the April 2011 trial, witness memories are fading. Requiring two separate trials will only result in further delay and risk.

Similarly, defendants Herrera, Velasquez and Portillo are all alleged to be members of the same conspiracies. Defendant Herrera's offer to stipulate to the existence of the RICO enterprise does not resolve the need for the government to prove that he joined the conspiracies and what he understood their scope to be. To prove these elements for defendant Herrera, the government would be required to present some of the same evidence that it would need to present to prove up the conspiracy charges against defendants Velasquez and Portillo. As there is no indication that undue prejudice would result from the three defendants being tried together, severance and its accompanying inefficiencies and complications are not warranted.

6

**CONCLUSION**

For the reasons stated herein, defendant Franco will be severed and will proceed to trial separately very soon after the conclusion of the October 17 trial of defendants Herrera, Velasquez and Portillo. In the event that defendants Herrera, Velasquez and Portillo plead out, defendant Franco's trial will be even sooner. All other requests for severance are denied.

**IT IS SO ORDERED.**

Dated: September 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE