IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS HERRERA, *et al*.,<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER RE PRETRIAL MOTIONS TO EXCLUDE EVIDENCE DUE TO LATE OR INADEQUATE DISCLOSURES AND TRIAL CONTINUANCE TO OCTOBER 24** |

In this massive RICO/VICAR prosecution, a number of pretrial motions seek to exclude evidence on the basis of late or inadequate disclosures. Specifically, the government moves to exclude experts noticed by defendants Danilo Velasquez and Daniel Portillo and the defense seeks to exclude evidence relating to two shooting incidents. A ruling on each of these motions is contained herein.[1]

**1.     MOTION TO EXCLUDE DEFENDANT PORTILLO'S EXPERTS**

The government moves to exclude defendant Portillo's experts in light of his failure to comply with the expert disclosure deadline (Dkt. No. 5139). Although defense expert reciprocal disclosures — including expert reports — were due on September 9 and counsel was warned *one month ago* that the deadline would not be extended, to this day, counsel has provided nothing more than brief summaries of each proposed expert's general qualifications and areas of expertise (Dkt. Nos. 5071, 5078, 5160, 5170). Indeed, none of

---

[1] This order only addresses those challenges based on late or inadequate disclosures. Other pretrial motions will be addressed in a separate order.

the proposed experts have reviewed *any* material from which they could develop their opinions for trial.

Counsel for defendant Portillo has articulated no cognizable excuse for his failure to comply with the expert disclosure deadline. While counsel suggested at the pretrial conference that his failure to meet the deadline was because he was waiting for the undersigned to approve requests to "appoint" the experts, this claim is wholly without merit. Counsel's *first* request to "appoint" Dr. Chamberlain as a testifying expert was not submitted until *one day* prior to the September 9 disclosure deadline. Counsel's *first* request for to "appoint" Dr. Davis, Dr. Winkel, and Dr. Barnett was made less than a week before the pretrial conference — well after the expert disclosure deadline had passed and the government had already filed its motion to exclude the experts for inadequate disclosures.

Similarly without merit is counsel's claim that he had failed to enlist expert assistance because his client was undergoing competency restoration. This claim ignores the fact that counsel was repeatedly put on notice that he was to be prepared to proceed to trial on October 17 despite the fact his client was undergoing competency restoration (*see, e.g.*, Dkt. Nos. 4469, 4999, 5049). Counsel was also informed *eight months ago* that his expert disclosures for the first trial (from which his client was later severed) were inadequate, and in response, counsel withdrew his 12.2 notice (Dkt. Nos. 3522, 3562).

Finally, counsel's argument that the court-ordered *competency* evaluations by Dr. Chamberlain and Dr. Winkel somehow constitute defense expert reports on mental condition is rejected. The reports addressed a wholly separate issue — whether defendant Portillo was competent to stand trial and whether he could be rehabilitated to competency. The reports did not opine on whether defendant Portillo suffered from a mental condition bearing on an issue of guilt. As counsel may also recall, the reports were completed under hurried circumstances, as counsel did not raise the issue of his client's competence until the eve of trial.

Nonetheless, counsel for defendant Portillo will be given yet another chance to submit expert disclosures for Dr. Chamberlain, Dr. Winkel, and Dr. Barnett.[2] Counsel will have until **NOON ON FRIDAY, OCTOBER 21** to provide the government and the Court with *final and proper* expert reports and disclosures from Dr. Chamberlain, Dr. Winkel and/or Dr. Barnett. Absolutely no further extensions will be granted.

As stated at the pretrial conference, defendant Portillo shall submit to examination by a qualified mental examiner hired by the government pursuant to FRCrP 12.2(c)(1)(B). Prior to any such examination, however, counsel for defendant Portillo and the government must submit a stipulation (where possible) detailing the contours and conduct of the examination. This stipulation must be filed by **5 P.M. ON FRIDAY, OCTOBER 21**. If the parties cannot reach agreement on certain issues, these matters must be raised and briefed by the same date and time. The stipulation must be between the government and defendant Portillo. No joinders will be allowed.

Of course, the mere fact that defendant Portillo is being given additional time to comply with his expert disclosure obligations does not mean that his experts will automatically be permitted to testify at trial. To that end, the government will have until **NOON ON FRIDAY, NOVEMBER 4** to submit a motion to exclude defendant Portillo's experts on the basis of *Daubert*, Rule 403, or other grounds. Any response to that motion must be filed by **NOON ON WEDNESDAY, NOVEMBER 9** and any reply must be filed by **NOON ON FRIDAY, NOVEMBER 11**.[3] This schedule is without prejudice to the government's mental health examination taking place before any motion to exclude is filed or litigated.

As the litigation over defendant Portillo's experts has now been delayed due to defense counsel's failure to provide timely and adequate disclosures, a ruling cannot be made until trial is underway. As such, pending further order, counsel shall not refer to the

---

[2] At the pretrial conference, counsel for defendant Portillo withdrew his notice of Dr. Holden as a proposed expert.

[3] Although November 11 is a court holiday, any reply must still be filed by this date and time.

3

1  proposed expert testimony in front of the jury, including in opening statements, except to
2  ask the jury venire-members whether they know any of the individuals at issue.
3      As stated at the pretrial conference, however, Dr. Davis will not be permitted to
4  testify. Dr. Davis was previously noticed by co-defendant Angel Noel Guevara and was the
5  subject of government exclusion motions *prior* to defendant Portillo's severance. Extensive
6  litigation regarding Dr. Davis — including a *Daubert* evidentiary hearing — occurred in
7  this very case, yet counsel never joined in any of those motions. Counsel's decision not to
8  disclose an eyewitness expert was a wilful, possibly tactical, decision and his late and
9  insufficient disclosure at this juncture is inexcusable. Moreover, counsel has now disclosed
10 Dr. Davis to present the same opinions that were excluded in the prior trial ("the typical
11 factors that can compromise accuracy at each of three stages of memory") (Dkt. No. 5160
12 at 5). This generalized testimony is identical to the proposed testimony that was excluded in
13 the prior trial under Rule 403 (Dkt. No. 4492).

14     **2.    MOTION TO EXCLUDE TESTIMONY BY DEFENDANT VELASQUEZ'S EXPERTS**

15     The government also moves to exclude any mental defect expert testimony offered by
16 defendant Velasquez due to failure to comply with the September 9 expert disclosure
17 deadline (Dkt. No. 5138).[4] As with defendant Portillo, counsel for defendant Velasquez will
18 be given an extension to submit *final and proper* expert disclosures for Dr. White, Dr. Burns,
19 and Dr. Peery. These disclosures must be made by **NOON ON FRIDAY, OCTOBER 14**.[5]
20 Absolutely no further extensions will be granted. Defendant Velasquez must also submit to
21 examination by a qualified mental examiner hired by the government pursuant to FRCrP
22 12.2(c)(1)(B). Prior to that examination, counsel for defendant Velasquez and the
23 government must submit a stipulation (where possible) detailing the contours and conduct of
24 the examination. This stipulation must be submitted no later than **5 P.M. ON FRIDAY,**
25 **OCTOBER 21**. If the parties cannot reach agreement on certain issues, these matters should

---

[4] Although defendant Velasquez submitted an expert report for Dr. White, it only contained Dr. White's preliminary "concerns" and not her final conclusions (Dkt. No. 5081-2).

[5] The Court is aware that this deadline is different than that for defendant Portillo.

4

be raised with the Court by the same date and time. The stipulation must be between the government and defendant Velasquez. No joinders will be allowed.

Any government motion to exclude defendant Velasquez's experts pursuant to *Daubert*, Rule 403, or other grounds must be filed by **NOON ON FRIDAY, OCTOBER 28**. Any response must be filed by **NOON ON WEDNESDAY, NOVEMBER 2** and any reply must be filed by **NOON ON FRIDAY, NOVEMBER 4**. This schedule is without prejudice to the government's mental health examination taking place before any motion to exclude is filed or litigated.

As previously stated for defendant Portillo, defense counsel's failure to comply with the disclosure deadline has prevented the Court from issuing a pretrial ruling on the admissibility of the proposed experts. Consequently, pending further order, counsel shall not refer to the proposed expert testimony in front of the jury, including in opening statements, except to ask the jury venire-members whether they know any of the individuals at issue.

### 3. MOTION TO EXCLUDE EVIDENCE OF HIGHLAND STREET SHOOTING

Defendant Luis Herrera moves to exclude all evidence of the March 2009 Highland Street shooting, arguing that the incident was first disclosed by the government on September 14 (Dkt. No. 5133). In the alternative, he seeks a continuance of the trial to investigate the shooting (Dkt. No. 5177 at 8). The motion is **GRANTED IN PART AND DENIED IN PART**.

Evidence of the incident will not be excluded, as the incident was disclosed to the defense in April and March 2010 as part of the government's expert disclosures for Mark Proia (Dkt. Nos. 5206-2; 5206-3). Specifically, the government provided the defense with copies of firearm and toolmark lab reports for the shooting which contained the SFPD case number, identified the incident as occurring at 111 Highland Street on March 2, 2009, listed the names of the victim and the investigating officer, and compared the bullets and casings from the shooting to the firearm believed to have been used in the Daly City homicide. The incident was then disclosed again on August 31 of this year, as part of the government's summary of expert Mark Proia's opinions, specifically calling out a "March 2, 2009 shooting in San Francisco (SFPD Incident No. 090-225-268)."

5

Nonetheless, to provide defense counsel with additional time to prepare, jury selection and trial will be continued until **MONDAY, OCTOBER 24**. Additionally, the government may not present any evidence relating to the shooting until the end of its case-in-chief. The government may, however, reference the Highland incident in its opening statement.

Defendants Velasquez and Portillo move to join in the motion and the following motion regarding the Capp Street shooting (Dkt. Nos. 5144, 5159). These joinder motions are **GRANTED** although defendant Portillo's joinder motion is untimely. Defendant Portillo's motion to join defendant Velasquez's *joinder* is **DENIED**. Counsel for defendant Portillo must re-review this Court's prior order regarding the proper procedure for written joinder requests and abide by that order (Dkt. No. 2074).

### 4. MOTION TO EXCLUDE EVIDENCE OF CAPP STREET SHOOTING

Defendant Luis Herrera moves to exclude all evidence of the February 2009 Capp Street shooting recently disclosed by the government (Dkt. No. 5177). As stated above, the trial will be continued to October 24 to give defense counsel additional time to investigate the shooting. A ruling on the motion will otherwise be reserved until the government has almost completed presentation of its case-in-chief. *In the meantime, the government may not reference the Capp Street incident in its opening statement and may not present any evidence specific to the incident without prior court approval.*

Defendant Herrera also moves to exclude four co-conspirator statements regarding the Capp Street incident (Dkt. No. 5131). A ruling on that motion will similarly be reserved. Counsel shall note, however, that late-noticed co-conspirator statements will not automatically be excluded from evidence due to late disclosure of the statement summaries (*see* Dkt. No. 4321 at 8).

**IT IS SO ORDERED.**

Dated: October 6, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE