IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUIS HERRERA, *et al*.,

    Defendants.

No. CR 08-0730 WHA

**NOTICE RE JURY SELECTION**

    Jury selection shall proceed as follows. On **OCTOBER 12,** venirepersons not excused for hardship shall be called in by the jury administrator in a group of approximately 135 venirepersons to complete under oath the substantive questionnaire, a copy of which was previously circulated to counsel. The questionnaires will be completed in the jury assembly room under the supervision of the jury administrator. The defendants, counsel, and the undersigned judge will not be present. After completion of the substantive questionnaire, responding venirepersons will be allowed to leave subject to returning as needed. Counsel will be given access to the substantive questionnaires on **OCTOBER 13**, so that copies may be made. All questionnaire copies are subject to protective order and must be destroyed immediately after voir dire.

    Counsel shall meet-and-confer in person and shall agree on venirepersons that may be stricken for cause based on the substantive questionnaire. Counsel must file under seal any such stipulated list by **NOON ON OCTOBER 20**. Counsel must also provide a copy of the list to

1 the jury administrator by the same date and time so that he may notify only eligible candidates
2 to appear for voir dire.

3 Starting on **OCTOBER 24 AT 7:30 A.M.,** counsel and defendants shall be present for
4 jury selection. A panel of approximately 65 unexcused prospective jurors with completed
5 questionnaires shall be called in on a randomly-chosen basis, sworn, and examined. They
6 shall be asked group and individual questions by the Court, to be followed by supplemental
7 voir dire by counsel. If the parties wish for the Court to ask specific questions during voir
8 dire, these proposed questions must be submitted by **OCTOBER 14 AT NOON**. Counsel will
9 also be given some time to ask questions supplementary to those by the Court.

10 Hardship issues will inevitably arise again, even as to those who earlier indicated they
11 could serve. The goal will be to qualify 36 prospective jurors for cause on this first day. If
12 additional days are needed, however, voir dire will extend past this first day.

13 After 36 prospective jurors are cleared for cause, all 36 will be subject to peremptory
14 challenges**.** As previously stated, each side will have the number of peremptories provided for
15 by FRCrP 24(b)(2) as no additional peremptories were requested (ten for the defense, six for
16 the government). Exercise of the peremptories will be conducted in the standard two versus
17 one sequence. After all of the challenges for the main jury are exhausted or waived, the 12
18 with the lowest seat numbers will be the main jury. A pass counts as a challenge. Two
19 consecutive passes by both sides waives all further peremptories.

20 After the main jury is known, the process will continue as to alternates. Four
21 alternates shall be selected. The government and the defense shall each have two peremptory
22 challenges for alternates, as provided for by FRCrP 24(b)(4)(C). After all alternate challenges
23 are used or waived, then the four with the lowest numbers will be the alternates, who shall
24 have priority for substitution into the main jury in accordance with their seat numbers during
25 the selection process.

26
27 Dated: October 11, 2011.
   _____
   WILLIAM ALSUP
28 UNITED STATES DISTRICT JUDGE