IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LUIS HERRERA, *et al*.,

    Defendants.
                              /

No. CR 08-0730 WHA

**OMNIBUS ORDER RE PRETRIAL MOTIONS FOR OCTOBER 24 TRIAL**

## INTRODUCTION

In this massive RICO/VICAR prosecution, three severed defendants are next proceeding to trial on October 24. Numerous pretrial motions were filed by the government and defendants Luis Herrera and Danilo Velasquez.[1] The motions were heard at a final pretrial conference held on October 5. This omnibus order addresses these final pretrial motions with the exception of those motions regarding late or inadequate disclosures, which have already been addressed in a prior order (Dkt. Nos. 5131, 5133, 5138, 5139, 5144, 5201, 5218).

As with all evidentiary rulings, a denial of a motion to exclude evidence does not necessarily mean that the evidence will be admitted — it only means that the motion did not articulate sufficient grounds to exclude the evidence. A proper foundation must be laid prior to the admission of any evidence.

---

[1] Defendant Daniel Portillo filed a late request seeking to join his co-defendants' motions. Despite its tardiness, the request is **GRANTED** as to those motions that are applicable to defendant Portillo. Defendant Portillo's request to join motions filed ten months ago by his former co-defendants, however, is **DENIED** to the extent defendant Portillo did not previously file a timely joinder to those motions (*see* Dkt. No. 3020).

**DEFENDANTS' PRETRIAL MOTIONS**

**1.    VELASQUEZ MOTION RE: GOVERNMENT VOUCHING**

Defendant Velasquez seeks an order precluding the government prosecutors from vouching for the credibility of cooperating witnesses (Dkt. No. 5143).[2]  The government responds that it understands it obligations and will not vouch for its cooperating witnesses. The motion is accordingly **DENIED AS MOOT**.  All counsel, including defense counsel, will please remember their professional obligations in this regard.

**2.    VELASQUEZ MOTION REQUESTING CONCURRENT LIMITING INSTRUCTIONS**

Defendant Velasquez requests that limiting instructions be automatically repeated each time evidence subject to a limiting instruction is referred to by the parties (Dkt. No. 5145-2). The motion is **DENIED WITHOUT PREJUDICE**.  The Court will not automatically give limiting instructions without first being requested by counsel to do so.  If and when counsel wish for a limiting instruction to be given or repeated, counsel have the responsibility of bringing the matter to the Court's attention.  Additionally, after an initial limiting instruction is given, whether a limiting instruction must be reiterated over and again will depend on the circumstances.

**3.    VELASQUEZ MOTION RE: NOTICE PRIOR TO USE OF EVIDENCE**

Defendant Velasquez seeks an order requiring the government to: (1) identify all previously produced evidence at least 48 hours prior to use at trial; (2) produce newly acquired evidence or exhibits at least 72 hours before trial; and (3) provide copies of evidence in PDF format where possible (Dkt. No. 5145-4).  As framed, the motion is **DENIED**.  Although the government is encouraged to work with the defense to ensure an orderly trial, outside of its *Brady* obligations and obligations established in prior court orders, the government will not be *required* to give the notice requested or be required to provide materials in a particular format.

**4.    VELASQUEZ MOTION TO EXCLUDE RECORDINGS**

Defendant Velasquez moves to exclude from evidence all recordings for which the sponsoring witness was not present, unless an adequate foundation is otherwise laid by the

---

[2] A related motion by the government regarding cooperation agreements is addressed *infra* on page 11.

2

government (Dkt. No. 5142).  The motion is **DENIED WITHOUT PREJUDICE** to specific challenges of particular recordings.  Although an order issued during the April 4 trial found that the government had not laid an adequate foundation for those recordings it sought to introduce that the sponsoring witness was not present for, the government may be able to lay adequate foundation for the recordings it seeks to introduce in *this* trial (Dkt. No. 4674).  And, although defendant Velasquez seeks a general ruling that a government agent must have monitored any recording for which no sponsoring witness was present for it to be admissible, there may conceivably be circumstances where foundation for a recording can be laid even though no sponsoring witness was present *and* no agent was monitoring the recording.

At all events, the parties should view the earlier order as instructive as to how the undersigned will evaluate whether adequate foundation has been laid for a recording when no sponsoring witness was present.[3]

### 5. VELASQUEZ MOTION TO PRECLUDE RULE 608(b) OBJECTIONS

Defendant Velasquez seeks a ruling precluding the government from making Rule 608(b) objections to evidence that is admissible for non-impeaching purposes (Dkt. No. 5145-1).  The motion does not call out specific items of evidence for the undersigned to rule on.  The motion is **DENIED WITHOUT PREJUDICE**.  Rule 608(b) objections will be dealt with on a case-by-case basis and there will be no universal bar to Rule 608(b) objections.  If counsel wish to avoid drawing a Rule 608(b) objection during proceedings before the jury, counsel may "front" a particular item outside of the presence of the jury and explain its non-impeaching purpose.

### 6. HERRERA AND VELASQUEZ MOTIONS RE: READING OF THE INDICTMENT

Defendant Herrera seeks to strike unspecified language from the indictment as prejudicial surplusage (Dkt. No. 5130).  In the alternative, he seeks to preclude the indictment from being read to or given to the jury and requests the parties be directed to submit a short, neutral statement of the case to be read to the jury in lieu of the indictment.  Defendant Velasquez

---

[3] The motion states that defendant "is also seeking an order unsealing the redacted portions of the affidavit that was submitted in support of the warrant application."  This appears to be an inadvertent insertion into the motion not requiring resolution, but counsel should immediately notify the undersigned if it was not.

3

similarly moves to preclude the indictment from being presented to the jury (Dkt. No. 5143). The motions are **GRANTED IN PART AND DENIED IN PART**.

The indictment does not contain prejudicial surplusage that must be stricken. As the Advisory Committee Note to FRCrP 7 explains, the purpose of FRCrP 7(d) is to protect a defendant against "immature or irrelevant allegations in an indictment or information, which may . . . be prejudicial." As previous orders denying motions to strike alleged surplusage in the indictment have found, the language of the indictment is not irrelevant or prejudicial. In any event, the entirety of the indictment will not be read or given to the jurors, as it is a lengthy document and some counts are no longer at issue. Instead, as discussed at the pretrial conference, a summary of the indictment will be read to the jurors at the beginning of the case and a copy of this summary will be given to the jurors for their own reference. Defense counsel and counsel for the government are to submit a stipulation with proposed language for this summary by **WEDNESDAY, OCTOBER 19 AT NOON**.

### 7. HERRERA MOTION TO EXCLUDE EVIDENCE OF ALLEGED GANG MONIKER

Defendant Herrera moves to preclude the government from using his alleged gang moniker ("Killer") in the presence of the jury during trial (Dkt. No. 5129). As stated at the pretrial conference, the motion is **GRANTED IN PART**. The government will not be entirely precluded from using the moniker but it must curtail its usage of the moniker to those instances where usage of the moniker is probative of an evidentiary point. During its opening statement, the government may only use defendant Herrera's alleged moniker one time.

This ruling is without prejudice to further motions by defendant Herrera if he believes the government is invoking the moniker gratuitously or in instances where no possible evidentiary purpose is being served by its use.

### 8. MOTION TO EXCLUDE GRUESOME VICTIM/AUTOPSY PHOTOGRAPHS

Defendants Herrera and Velasquez move to exclude gruesome photographs — including all autopsy photos — of Moises Frias, a victim of the Daly City Bart shootings (Dkt. Nos. 5132, 5145-3). As stated at the pretrial conference, the motions are **GRANTED IN PART AND DENIED IN PART**. The photographs will not be entirely excluded as the government

4

must prove the homicide and the circumstances of the homicide, so a reasonable number of photographs will be permitted. The photographs may also corroborate eyewitness testimony and may be probative of the attempted murder charges that are the subjects of Counts 20, 21, and 22. *All* photographs will not be admitted, however, as they will become repetitive and the gruesome nature of certain photographs may outweigh their probative value. Accordingly, no death scene or autopsy photographs of Moises Frias may be shown to the jury until the photographs are pre-screened by the undersigned.

Counsel for defendant Velasquez also moves for leave to show prospective jurors the photographs at issue during *voir dire*. This request is **GRANTED** insofar as counsel may show one photograph to the prospective jurors during *voir dire*. The photograph must be a photograph that the government will use during trial.

### 9. VELASQUEZ MOTION TO PRECLUDE REFERENCES TO COOPERATORS FEARING RETALIATION

Defendant Velasquez moves to preclude statements from cooperating witnesses regarding any fear of retaliation for their cooperation (Dkt. No. 5143). As stated at the pretrial conference, this motion is **GRANTED IN PART AND DENIED IN PART**. All statements regarding fear of retaliation will not be excluded, as fear of retaliation may be relevant to proving up the racketeering predicates of witness tampering and obstruction of justice, or may be relevant to a witness' bias. For example, as stated at the pretrial conference, the alleged MS-13 rule that all "snitches" are punishable by death may be presented by the government. In contrast, other statements may lack sufficient probative value or may be too unfairly prejudicial. As such, before any cooperating witness may testify regarding his/her present fear of retaliation, the proposed testimony must be cleared by the undersigned so that determinations can be made with respect to each specific scenario and witness, including any testimony he/she is afraid of one or more defendants.

### 10. VELASQUEZ MOTION RE: EXPERT RELIANCE ON "NOT FINAL" CONVICTIONS

Defendant Velasquez moves to bar government expert witnesses from relying upon criminal convictions for which the appellate process has not yet been completed (Dkt. No. 5137). The motion does not specify which experts would be basing their opinions on any such

5

convictions and for what purpose. The motion is **DENIED**. Rule 703 explicitly allows experts to base their opinions on information that would be inadmissible at trial so long as it is of the type of information reasonably relied upon by experts in that field. The motion does not provide any authority that would support a categorical bar on experts basing their opinions on convictions that have not yet completed the entire appellate process. The trial court decision in the Kenneth Lay abatement case is inapplicable to the case at hand.

It is conceivable that there would be a circumstance where an expert should not be permitted to base an opinion on a "non-final" conviction — but the motion does not provide the necessary specifics to assess any such scenario. It should also be noted that the deadline for defense motions to exclude government experts was over a month ago and no such challenge to any expert was raised.

**11. HERRERA MOTION TO EXCLUDE OR LIMIT EVIDENCE OF ACTS OR EVENTS THAT OCCURRED PRIOR TO HIS ENTRY INTO THE CONSPIRACY**

Defendant Herrera moves to exclude or limit the use of evidence of acts and/or crimes that occurred prior to his entry into the conspiracy in December 2008 (Dkt. No. 5128). This motion is **GRANTED IN PART AND DENIED IN PART**. Although a defendant cannot be held substantively liable for the acts of coconspirators prior to his entry into the conspiracy, evidence of the acts of coconspirators predating his entry may be admitted as evidence of the existence and scope of the alleged racketeering enterprise. *See, e.g., United States v. Basciano*, 599 F.3d 184, 207 (2d Cir. 2010) (citation omitted); *United States v. Brown*, 943 F.2d 1246, 1255 (9th Cir. 1991). Accordingly, the evidence will not be categorically excluded but a limiting instruction will be given when appropriate *and requested by counsel*. This is, of course, without prejudice to particularized Rule 403 motions if the evidence becomes cumulative or is insufficiently probative. The parties are to submit a stipulated limiting instruction by **WEDNESDAY, OCTOBER 19 AT NOON**.

Defendants Herrera also notes that although he is currently unaware of any intention by the government to introduce pre-majority conduct, if the government seeks to do so, he requests the same limiting instruction that was given in the April 4 trial. This request is **GRANTED** but it is up to defense counsel to request the instruction when he wishes for it to be given.

6

**12.  VELASQUEZ MOTION TO EXCLUDE STATEMENTS DUE TO INSUFFICIENT EVIDENCE OF MEMBERSHIP IN CONSPIRACY**

Defendant Velasquez moves to exclude a number of coconspirator statements on the grounds that there is insufficient evidence that defendant Velasquez was a member of the conspiracy at the time the statements were made (Dkt. No. 5141).[4] The motion is **DENIED**. No statements will be excluded at this juncture on the theory that the government has not yet established that defendant Velasquez was a member of the conspiracy.[5] There is ample evidence in the pretrial record to conclude that defendant Velasquez was a member of the conspiracy. Accordingly, with the exception of the statement by Melvin Alvarez — for which a ruling on admissibility has been reserved due to late government disclosure (*see* Dkt. No. 5218) — the coconspirator statements will be conditionally admitted subject to connection under Rule 104(b). If the government fails to establish sufficient foundation that defendant Velasquez was a member of the conspiracy, on defense motion, the undersigned will give a curative instruction to the jury, allow the prosecution to reopen the case to establish foundation, or in extreme cases, declare a mistrial.

**13.  VELASQUEZ MOTION TO EXCLUDE TWO COCONSPIRATOR STATEMENTS**

Defendant Velasquez moves to exclude two specific coconspirator statements on the grounds that they were not made in furtherance of a conspiracy and are also inadmissible under Rule 403. A ruling on the motion will be reserved as more information is required regarding both statements before a determination on their admissibility may be made.

The first statement, purportedly made to Carlos Garrido by Moris Flores, was that defendant Velasquez and "Sleepy" killed somebody and that "Sleepy" was later stabbed in retaliation. Defendant Velasquez argues that the statement was too vague to be a coconspirator statement. Although the undersigned does not agree that the statement was too vague, further information is needed regarding the context of the statement to determine whether it was made

---

[4] The motion does not specify when the statements were purportedly made. Defendant Velasquez appears to be asserting that there is no evidence that he was *ever* a member of the conspiracy.

[5] Although there are three charged conspiracies at issue in this case, since the motion only refers to "the conspiracy," this order does the same.

7

in furtherance of any of the charged conspiracies. Accordingly, the government will have until **FRIDAY, OCTOBER 21 AT NOON** to provide further detail regarding the context in which the statement was made. The government may not use the statement during trial until a ruling on this statement is issued.

The second statement regarding defendant Velasquez's alleged orders that Douglas Largaespada's father be killed, was purportedly made to Wilson Villalta by an unknown declarant. Without further information regarding the identity of the declarant and whether he/she was a member of any of the charged conspiracies, a determination cannot be made as to the admissibility of the statement. The government will likewise have until **FRIDAY, OCTOBER 21 AT NOON** to provide identify the declarant and provide further detail regarding the declarant and the context in which the statement was made. The government may not use the statement during trial until a ruling is issued.

**14.    VELASQUEZ MOTION TO EXCLUDE UNDISCLOSED RULE 404(b) EVIDENCE**

Defendant Velasquez moves to preclude all Rule 404(b) evidence, as the government has not yet noticed an intent to introduce any Rule 404(b) evidence (Dkt. No. 5143). The government responds that it has not provided notice because absent a triggering event for propensity evidence (*e.g.* entrapment defense alleged in opening statements), it will not introduce any Rule 404(b) evidence and will only introduce evidence that constitutes direct proof of the crimes charged or evidence that is inextricably intertwined with the crimes charged. Accordingly, the motion is **DENIED AS MOOT**. This ruling is without prejudice to specific challenges where defendant Velasquez disagrees with the government's view of whether evidence is "inextricably intertwined" or where there is a disagreement about whether a triggering event for propensity evidence has occurred.

**15.    VELASQUEZ MOTION TO EXCLUDE ALL PRIOR CONVICTIONS**

Defendant Velasquez moves to preclude the introduction of any of his prior convictions (Dkt. No. 5143). The motion is **DENIED AS MOOT** as the government does not intend to introduce any of defendant Velasquez's prior convictions.

**16.   HERRERA OPPOSITION TO *PINKERTON* INSTRUCTION**

Defendant Herrera has filed an opposition to the government's notice that it intends to seek a *Pinkerton* instruction (Dkt. No. 5135). As stated at the pretrial conference, whether a *Pinkerton* instruction will be given depends on how the evidence plays out at trial and a ruling on the matter will be reserved for a later date. The defense, however, is on notice that a *Pinkerton* instruction may be given if warranted by the evidence.

**17.   HERRERA MOTION TO COMPEL PRODUCTION OF *HENTHORN* MATERIALS**

Defendant Herrera moves to compel production of any unproduced *Henthorn* material (Dkt. No. 5203). The motion is **DENIED AS MOOT**. Although the government has asserted that it has produced all *Henthorn* material for federal law enforcement witnesses and is not obligated to produce *Henthorn* material for non-federal law enforcement witnesses, it has agreed to "voluntarily" produce *Henthorn* material regarding its non-federal law enforcement witnesses and all parties at the pretrial conference expressed satisfaction with this course of action. If, however, disputes arise regarding this same issue, the matter must be promptly brought to the undersigned's attention. Continuance motions based on unproduced *Henthorn* material may not be granted if the problem could have been avoided had it been raised in a more timely fashion.

**18.   HERRERA MOTION TO RESERVE RIGHT TO FILE ADDITIONAL MOTIONS**

Defendant Luis Herrera moves for permission to file additional objections and motions to exclude government evidence as additional disclosures are made by the government (Dkt. No. 5134). This motion is **GRANTED IN PART AND DENIED IN PART**. As additional disclosures are made, new evidence discovered, and as trial progresses, the parties will of course be able to bring additional motions and objections. There may be circumstances, however, where a motion or objection clearly should have been noticed for the pretrial conference or an even earlier date. As such, the moving party should be prepared to explain why any such motion should not be denied as untimely.

All trial motions, by the defense or the government, must be filed by **8 P.M.** if the moving party wishes for the motion to be heard the following trial day. The opposing party need not file a written response but must be prepared to argue at 7:30 a.m. any motion filed by 8 p.m. the

9

prior evening. In some instances, however, the undersigned may set a briefing schedule and defer argument until after written submissions have been received and reviewed.

## GOVERNMENT MOTIONS *IN LIMINE* (DKT. NO. 5140)

The government moves for a number of *in limine* rulings, mostly regarding general conduct at trial. With the exception of an additional motion to exclude defendant Velasquez's cultural defense, the government's motions and arguments in support were identical to its motions *in limine* for the April 4 trial (Dkt. No. 3020). Defendant Velasquez filed an opposition in response to the motions and defendant Herrera filed notice that he is prepared to abide by each of the Court's prior rulings (Dkt. Nos. 5151, 5163). Defendant Portillo filed a generalized request to join in *both* of his codefendant's responses — although his codefendants have taken different positions on a number of the government's motions (Dkt. Nos. 5159, 5193). Defendant Portillo's joinder motion is accordingly **DENIED**.

### 1. EXTRINSIC EVIDENCE FOR IMPEACHMENT

The government seeks to preclude the use of extrinsic evidence for impeachment. The motion is **DENIED WITHOUT PREJUDICE** to specific challenges brought at the proper time at trial.

### 2. CONSIDERATION OF EVIDENCE ALREADY IN THE RECORD

The government reminds the undersigned that under Rule 104(a) the undersigned "can and should" consider evidence already presented in prior proceedings to make preliminary factual determinations, particularly when determining the admissibility of coconspirator statements.

The undersigned will consider the proceedings to date — including evidence presented during the April 4 trial — in determining whether to conditionally admit coconspirator statements. During trial, however, the government will be required to establish the foundational elements of each coconspirator statement. Specifically, the government must show by a preponderance of the evidence that: (1) a conspiracy existed when the statement was made; (2) defendants and the declarant were members of the conspiracy; and (3) the statement was made in furtherance of the conspiracy.[6] The Court will not rely on *ex parte* submissions in

---

[6] The indictment charges three conspiracies but for the sake of simplicity, this order refers to "conspiracy."

10

determining whether a foundation has been met for any coconspirator statements.

### 3. ADMISSION OF COOPERATION AGREEMENTS

The government seeks an order finding cooperation agreements relevant and admissible when the defense has attacked the credibility of a cooperating witness. The government's motion is **GRANTED IN PART**. The cooperation agreements — including the truthfulness provisions — will be admissible if the defense specifically attacks a witness' credibility because of his/her purported bias due to cooperation with the government. As our court of appeals has explained, "vouching" concerns do not arise unless the prosecution refers to an agreement's requirement of truthfulness *before* the issue of bias is raised by the defense. *United States v. Wallace*, 848 F.2d 1464, 1474 (9th Cir. 1988) ("References to truthfulness requirements in plea agreements do not constitute vouching when made in response to attacks on the witness's credibility because of the plea agreement") (citation omitted). Accordingly, the government may introduce the cooperation agreements at any time — including during direct examination — if the defense has already attacked a witness's credibility due to cooperation.

Before the government may introduce a cooperation agreement for a particular witness, however, the government must first notify the defense so that there is sufficient opportunity for objections to be made prior to the introduction of the cooperation agreement in the event that there is a dispute as to whether the witness' credibility was attacked due to cooperation.

Defendant Velasquez also requests that whenever a cooperation agreement is introduced into evidence the undersigned automatically instruct the jury that an agreement requiring truthful testimony does not necessarily mean the testimony ultimately given is truthful. This request is **DENIED WITHOUT PREJUDICE** to specific requests for a limiting instruction made at the time counsel wishes an instruction to be given.

### 4. REQUIREMENT TO PROFFER BASIS OF ANY *HENTHORN* QUESTIONS

The government moves to require defense counsel to proffer the basis for any *Henthorn* based questions prior to questioning a witness with such questions. This motion is **GRANTED IN PART**. In order to ensure orderly trial proceedings, the procedure will be that all *Henthorn* issues must be vetted with the undersigned in advance of questioning except where the question

11

is regarding an express, sustained finding of untruthfulness, false statement, or false report. In those instances, no prior permission will be needed. Where possible, the *Henthorn* material should be brought to the undersigned's attention prior to the commencement of cross-examination. At all events, the government shall not tip the hand of defense counsel to the officer that will be questioned.

### 5. EVIDENTIARY BASIS FOR DURESS, SELF-DEFENSE CLAIMS, AND THIRD-PARTY GUILT DEFENSES

The government seeks an order requiring defendants to provide an evidentiary basis for any affirmative defense of duress, self-defense, or third-party culpability before any defendant is permitted to assert the defense at trial. This request is **DENIED WITHOUT PREJUDICE** to the government re-bringing the motion if it becomes apparent that any particular defendant is wasting time by arguing an affirmative defense that is nothing more than a "side-show.[7]

The denial of this motion should not be taken as an agreement with defendant Velasquez's assertion that he has made "extensive showings as to the basis of his mental state or cultural defense." The Court has not yet ruled on whether defendant Velasquez may present expert testimony on either his mental state or cultural defense.

### 6. DEFENDANT VELASQUEZ'S "CULTURAL" DEFENSE

The government seeks to bar defendant Velasquez from presenting a "cultural" defense to the charges against him. Defendant Velasquez has not responded substantively to this motion and instead points the undersigned to litigation over the government's motion to exclude defendant Velasquez's mental health experts (Dkt. No. 5138). Accordingly, this motion will be considered along with the government's motion to exclude defendant Velasquez's experts.

### 7. REFRESHING RECOLLECTION

The government seeks an order requiring the parties to properly refresh recollection. Of course, both sides must use the proper procedure to refresh recollection at trial. The parties shall not read out loud from a document in evidence and ask the witness whether his/her recollection is then refreshed. The witness must first state that he or she cannot remember

---

[7] Neither defendant Portillo nor defendant Herrera filed notice of an intention to seek an entrapment or duress defense.

something. Then, the item may be given to the witness to read silently. The motion is accordingly **DENIED WITHOUT PREJUDICE** to specific motions brought when it appears a party is not complying with the proper procedure.

### 8. IMPROPER SPEAKING OBJECTIONS

The government requests that the defense be precluded from making speaking objections with no proper purpose. The defense correspondingly requests that all parties conduct themselves professionally and appropriately. The undersigned is confident that all counsel will conduct themselves professionally and appropriately at trial and will not improperly disrupt examinations. The motion is **DENIED WITHOUT PREJUDICE** to specific motions brought if improper speaking objections are being made.

### 9. ARGUING NEGATIVE INFERENCES DUE TO ABSENCE OF A PARTICULAR TYPE OF EVIDENCE OR FORENSIC EVIDENCE

The government seeks to preclude the defense from arguing that the jury cannot convict without a particular type of evidence. As is, the motion is insufficiently specific. There is no universal bar against defense comments regarding the government's failure to present witnesses or evidence, although in some instances certain arguments may be improper. The motion is **DENIED WITHOUT PREJUDICE** to re-raising with respect to specific instances.

**IT IS SO ORDERED.**

Dated: October 12, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE