IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANILO VELASQUEZ, *et al.*,<br><br>Defendants.<br>_____ / | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT DANILO VELASQUEZ'S MOTION TO EXCLUDE TWO STATEMENTS** |

Defendant Velasquez previously moved to exclude two statements noticed by the government as coconspirator statements, arguing that the statements failed to qualify for admission under Rule 801(d)(2)(e) (Dkt. No. 5144 at 3).[1] A ruling on the motion was reserved as additional information was needed from the government regarding the context of the statements. The government has now submitted the requested supplemental response and after consideration of that response and all prior briefing, the motion is **DENIED** (Dkt. No. 5244).

*First*, the government has notified the parties that it will no longer seek to introduce the statement regarding the stabbing of Edgar Caria. The motion with respect to that statement is accordingly moot.

*Second*, the supplemental information provided by the government with respect to the remaining objected-to statement — that defendant Velasquez allegedly stated that a *jale* had to be done against a member of Douglas Largaespada's family due to Largaespada's suspected

---

[1] The indictment charges three separate conspiracies but they are somewhat overlapping and all relate to the same clique of MS-13. Therefore, for the sake of simplicity, this order will refer to "conspiracy" although there are three conspiracies charged.

1 cooperation with law enforcement — has established that the statement is admissible as a
2 coconspirator statement.

3 Significantly, the government has identified the declarant of the statement as defendant
4 Velasquez. This addresses the motion's concern that the statement was made by an unidentified
5 declarant who cannot be shown to have known of the conspiracy or to have joined it.[2]
6 Additionally, the identification of defendant Velasquez as the declarant makes clear that the
7 statement was made in early 2009 (as identified in the disclosure) — and there is ample pretrial
8 evidence that the charged conspiracy existed at that time. And most notably, the fact the
9 statement was made by defendant Velasquez makes clear that the statement was made in
10 furtherance of the conspiracy. Through the statement, defendant Velasquez sought to direct his
11 fellow conspirators to execute the gang's common purpose of attacking rivals and served to
12 bolster defendant Velasquez's status among his fellow gang members as a "leader." *See, e.g.,*
13 *United States v. Flores*, 572 F.3d 1254, 1264 (11th Cir. 2009); *United States v. Yarbrough*, 852
14 F.2d 1522, 1535–36 (9th Cir. 1988).

15 Finally, contrary to the motion's assertion, there is no requirement that the government
16 prove up the killing of Largaespada's father for the statement to be admissible. The statement
17 itself — whether or not a killing actually occurred or was done at the behest of defendant
18 Velasquez — is admissible evidence of the conspiracy.[3]

**IT IS SO ORDERED.**

Dated: October 25, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] As previously stated, no statement will be excluded at this juncture on the ground that there is insufficient evidence that defendant Velasquez was a member of the charged conspiracies at the time a purported coconspirator statement was made (Dkt. No. 5230).

[3] Defendant Velasquez has not been substantively charged with the killing of Largaespada's father.

2