1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

DANILO VELASQUEZ, *et al*.,

      Defendants.

_____/

No. CR 08-0730 WHA

**NOTICE RE LATE-RECEIVED
JOINDER TO DEFENDANT LUIS
HERRERA'S MOTION TO DISMISS**

     The undersigned has received a written request from defendant Danilo Velasquez seeking
to join defendant Luis Herrera's motion to dismiss, which was heard and ruled upon this
morning.  Although defendant Velasquez's joinder request was lodged with the Clerk's Office
on November 8, the undersigned did not receive the request from the Clerk's Office until after
the conclusion of today's proceedings.  Additionally, although the undersigned had explained to
the parties this morning that a joinder by defendant Velasquez would not be allowed because he
had failed to provide the factual specifics necessary to assess defendant Herrera's motion as to
him, neither the defense nor the government brought the written joinder request — or its contents
— to the undersigned's attention.

     This morning's ruling denying defendant Luis Herrera's motion to dismiss as moot and
denying defendant Velasquez's November 7 *oral* joinder request will stand.  The written joinder
request is **DENIED** as there is no longer a pending motion to join.  As stated during today's
morning proceedings, if defendant Velasquez seeks to dismiss the indictment due to grand

jury misconduct, defense counsel must submit a stand-alone motion that includes the necessary factual basis for the motion.

Dated:  November 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE