**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

DANILO VELASQUEZ.

      Defendant.

_____/

No. CR 08-0730 WHA

**FINAL CHARGE TO THE JURY**

**United States District Court**
For the Northern District of California

**1.**

Members of the jury, you have heard all the evidence and closing arguments by counsel. I will now give you some considerations about how to evaluate evidence and will instruct you on the 4 counts at issue and what the government must prove to sustain a conviction. A copy of all of these instructions will be available in the jury room for you to consult as necessary.

**2.**

It is your duty to weigh and to evaluate all the evidence received in this case and to decide the facts. To those facts you must apply the law as I give it to you. You must apply the law as I give it to you whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

**3.**

You are here to determine whether defendant Danilo Velasquez is guilty or not guilty of the crimes charged in this case. Your determination must be made only from the evidence received at the trial. Defendant Velasquez is *not* on trial for any conduct or offense *not* charged in this case.

**4.**

The charges against defendant Velasquez are set forth in the indictment. The indictment will not be in the jury room during your deliberations. During jury selection, I summarized the indictment for you in a statement of the case. I also provided you with a summary of the charges in the indictment at the beginning of the trial. You are to disregard all references in the summary to defendant Luis Herrera. As you will recall, the case against defendant Herrera is no longer before you. You are not to speculate why. This fact should not influence your verdict with reference to defendant Velasquez.

1    Later in these instructions, I will summarize each charge for you and tell you the

2    elements that must be proven by the government.  Neither the indictment nor my summaries

3    are evidence.

**5.**

5    Defendant Velasquez has pled not guilty.  He is presumed to be innocent and has no

6    burden to prove anything.  It is important for you to understand that a defendant in a criminal

7    case has a constitutional right not to testify.  No presumption of guilt may be raised, and no

8    inference of any kind may be drawn, from the fact that defendant Velasquez did not testify.  In

9    addition, a defendant does not have to present any evidence to prove his innocence.

10   Defendant Velasquez began the trial with a "clean slate" — with no evidence against him.  As

11   to each count, the government has the burden of proving every element of the offenses.

12   Anytime I say in these instructions that the government has the burden of proof, it means

13   proof beyond a reasonable doubt.

**6.**

15   Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the

16   defendant is guilty.  It is not enough for the government to prove that it is "more likely than

17   not" that the defendant is guilty.  It is not required, however, that the government prove guilt

18   beyond all possible doubt.

19   A reasonable doubt is a doubt based upon reason and common sense and is not based

20   purely on speculation.  It may arise from a careful and impartial consideration of all the

21   evidence or from lack of evidence.

22   If after a careful and impartial consideration of all the evidence, you are not convinced

23   beyond a reasonable doubt that defendant Velasquez is guilty as charged, it is your duty to

24   find him not guilty.  On the other hand, if after a careful and impartial consideration of all the

25   evidence, you are convinced beyond a reasonable doubt that defendant Velasquez is guilty as

26   charged, it is your duty to find him guilty.

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**7.**

The evidence from which you are to decide what the facts are consists of:

1.　　The sworn testimony of witnesses, on both direct and

　　　cross-examination, regardless of who called the witness;

2.　　The exhibits received into evidence; and

3.　　Any stipulated facts.

**8.**

Certain things are not evidence, and you may not consider them in deciding what the

facts are.  I will list them for you:

1.　　Arguments and statements by lawyers are not evidence.  The lawyers

　　　are not witnesses.  What they have said in their opening statements,

　　　closing arguments, and at other times is intended to help you interpret

　　　the evidence, but it is not evidence.  If the facts as you remember them

　　　differ from the way the lawyers have stated them, your memory of them

　　　controls.

2.　　A suggestion in a question to a witness is not evidence unless it is

　　　agreed to by the answer.

3.　　Objections by lawyers are not evidence.

4.　　Testimony or exhibits that have been excluded or stricken, or that you

　　　have been instructed to disregard, are not evidence and must not be

　　　considered.  In addition, some testimony and exhibits have been

　　　received only for a limited purpose; where I have given a limiting

　　　instruction, you must follow it.

5.　　Anything you may have seen or heard outside of the trial is not evidence.

**9.**

Certain diagrams, charts and summaries have been shown to you in order to help

illustrate the facts disclosed by the books, records, and other documents which are in evidence

in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly

reflect the facts or figures shown by the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

Other charts and summaries, however, have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**10.**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

You should consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**11.**

For recordings, some were in English. The transcripts were shown to you for your convenience. When the audio recording is in English, however, it is the audio recording itself that is the evidence, not the transcript. If you heard something on the recording different from what appeared in the transcript, what you heard is controlling.

For foreign language recordings, however, transcripts of the recordings containing official English-language translations were admitted. In these instances, it is the English-language translation that is the evidence, not the recording. Although some of you may know the Spanish language, you must go by the English-language translation in the transcripts. For these foreign language recordings, however, you may consider the tone of voice and, where there is a dispute over what was said, whether the quality of the recording would have impacted the accuracy of the transcription and translation of the recording.

United States District Court
For the Northern District of California

Some exhibits may have some Spanish-language writings on them, but will not be accompanied by a translation. You are to disregard and not translate all such Spanish-language writings, except for writings that you find are simply monikers, clique names or dates.

**12.**

Some exhibits have redacted passages. You may not speculate about what has been redacted. Redactions are irrelevant material.

**13.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The ability of the witness to remember the events testified to;

3. The witness' manner while testifying;

4. Any interest of the witness in the outcome of the case;

5. Any bias or prejudice;

6. Whether other evidence contradicted the witness' testimony;

7. The reasonableness of the testimony in light of all the evidence; and

8. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced evidence. What is important is how much weight you think the evidence deserves.

**14.**

A discrepancy in a witness' testimony or between a witness' testimony and that of other witnesses does not necessarily mean that the witness should be discredited. Inability to recall is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial may be considered by you.

However, a witness who willfully testifies falsely in one part of his or her testimony may be distrusted in others.  You may reject the entire testimony of a witness who has willfully testified falsely on a material point unless, from all the evidence, you believe that the probability of truth favors his or her testimony on other particulars.  It is always, however, up to you to decide how much weight to give any testimony by any witness.

**15.**

You have heard testimony of eyewitness identifications.  In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning witness credibility.  In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

1.   The capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting, distance and angle of view;

2.   Whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3.   Any inconsistent identifications made by the eyewitness;

4.   The witness' familiarity with the subject identified, including whether the offender was of a different race from the witness;

5.   The strength of earlier and later identifications;

6.   Lapses of time between the event and the identification(s);

7.   The totality of circumstances, including combinations of the foregoing factors, surrounding the eyewitness' identification;

8.   The fairness of the photographic lineup shown to the eyewitness; and

9.   The fairness of the way in which the lineup was shown to the eyewitness.

Of course, the testimony of any eyewitness should be evaluated in light of all other eyewitnesses and all other evidence in the case.

United States District Court
For the Northern District of California

7

**16.**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.  Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves.

**17.**

You have heard testimony that defendant Velasquez made statements.  It is for you to decide:  (1) whether he made each statement; and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about each statement, including the circumstances under which defendant Velasquez may have made it.

**18.**

The fact that any other person has pled guilty may not be used as evidence against defendant Velasquez.

**19.**

You have heard testimony from witnesses who pled guilty to crimes arising out of the same events for which defendant Velasquez is now on trial.  As stated before, their guilty pleas are not evidence against defendant Velasquez, and you may consider their guilty pleas only in determining these witnesses' believability.

These and other witnesses entered into cooperation agreements with the government.  This means that they agreed to cooperate with the government and to testify on the government's behalf in exchange for a benefit from the government in the form of a recommendation for a reduced sentence in connection with this case or another case or other benefits for themselves or their family members.

For these reasons, in evaluating the testimony of these witnesses, you should consider whether and/or the extent to which the witnesses' testimony may have been influenced by any of these factors.  You should examine their testimony with greater caution than that of other witnesses.

**United States District Court**
For the Northern District of California

**20.**

You have heard testimony about an informant who was involved in the government's investigation. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**21.**

During closing argument counsel placed transcripts of trial testimony and placed exhibits on the Elmo to remind you of certain evidence. This is proper but I need to remind you that while exhibits will be in the jury room for your deliberations, there will not be any trial transcripts for you to see.

**22.**

You have heard closing arguments by counsel. Please remember that nothing said by counsel constitutes evidence. What they said was all argument. That a lawyer said in closing that a witness or document made a certain point at the trial or omitted a certain point may or may not be correct. You should vet all factual contentions by counsel against what you remember the evidence to be and if you remember it differently, your memory of it controls.

**23.**

Now we turn to the specific counts charged in this case. A separate offense is charged in each count. You must decide each count separately.

You are free to deliberate over the counts in any order you think most effective. You may possibly determine that certain counts ought to be considered in light of each other and consider them out of strict numerical sequence. To repeat, you are not required to address them in strict numerical sequence, so long as you decide all of the counts eventually.

**24.**

The indictment charges four counts. Your verdict must be unanimous on each of the four. You will receive a special verdict form that may help to guide and organize your answers. The Clerk will now pass out to each of you an individual working copy of the

special verdict form.  I will pause for a few moments so you can scan the special verdict form.
Do not start penciling in any answers.  Please leave it totally blank until you begin deliberations.

**25.**

I will now give you specific instructions of law that you must follow in answering the
questions on the special verdict form.  I will start with Count One and go through the counts
in order, but as I stated, you may deliberate over the counts in any order you think best.

**26.**

Count One charges that defendant Velasquez — along with others known and unknown
— knowingly and intentionally conspired with at least one other person to conduct or to
participate in the conduct of the affairs of a racketeering enterprise — MS-13 — in violation of
18 U.S.C. 1962(d).  For simplicity, I will refer to this alleged conspiracy as the "RICO
conspiracy."  RICO refers to the Racketeer-Influenced and Corrupt Organizations Act found at
Title 18 of the United States Code.  Section 1962(d) makes it unlawful to conspire to do
certain things.

In order to prove defendant Velasquez violated 18 U.S.C. 1962(d), as charged in Count
One, the government must prove all of the following elements beyond a reasonable doubt:

*First*, there was a conspiracy between two or more persons to conduct or participate,
directly or indirectly, in the conduct of the affairs of an enterprise, through a pattern of
racketeering activity.  The terms "enterprise" and "pattern of racketeering activity" will be
explained in a moment.

*Second*, defendant Velasquez knowingly and intentionally joined or became a member
of the conspiracy, knowing of its essential purpose and intending to facilitate it.  An act is
done knowingly if the person is aware of the act and does not act through ignorance, mistake
or accident.  You may consider evidence of defendant Velasquez's words, acts or omissions,
along with all the other evidence, in deciding whether he acted knowingly.

*Third*, the common understanding and agreement within the conspiracy, including by
defendant Velasquez, was that the enterprise would be conducted in such a way that one or
more members of the conspiracy would commit at least two racketeering acts as part of a

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  pattern of racketeering activity.  The government is not required to prove that anyone actually

2  committed any racketeering acts or that defendant Velasquez agreed that he personally would

3  commit two racketeering acts.  The government must, however, prove defendant Velasquez

4  was aware of the essential nature and scope of the enterprise and agreed to participate in it,

5  understanding that two or more racketeering acts were contemplated in the conduct of the

6  affairs of the enterprise.  Put differently, the government must prove that defendant Velasquez

7  knowingly and intentionally agreed to facilitate a scheme which included the operation or

8  management of an enterprise through a pattern of racketeering acts.  You must unanimously

9  agree on at least two racketeering acts he understood would be committed.

10  I will now define some of these terms for you.  Unless I specify otherwise, these

11  definitions apply to all instances where I use the terms in these instructions.

12  **<u>Conspiracy</u>**

13  A conspiracy is a kind of criminal partnership — an agreement between two or more

14  persons to commit a target crime.  To be convicted of conspiracy, a defendant must enter into

15  an agreement with at least one other co-conspirator to commit or to cause to be committed a

16  target crime — and must do so knowingly and intentionally.  There can be no conspiracy,

17  however, when the only person with whom a defendant allegedly conspired was a government

18  agent or informant.

19  Again, the crime of conspiracy is the agreement to commit a target crime.  It does not

20  matter whether the crime agreed upon is ever actually committed.  For example, if two people

21  actually agree to rob a bank, it would not matter, for purposes of criminal conspiracy, that

22  they wind up not robbing the bank or even attempting to do so.

23  For an agreement, it is not necessary to have a written or express agreement or

24  complete agreement on all details of the scheme.  An informal understanding is enough.  Nor

25  is it necessary that all members of a conspiracy join at the same time.  One may join a

26  conspiracy after it is already in progress.

27  One may become a member of a conspiracy without full knowledge of all the details of

28  its unlawful scheme and without knowledge of the names, identities or locations of all of the

**United States District Court**
For the Northern District of California

other members.  Even if someone does not directly conspire with all or most other conspirators in the overall scheme, he agrees, in effect, to participate in the conspiracy if:  (1) he directly conspires with one or more conspirators to carry out at least one of the objects of the conspiracy; (2) he knows or has reason to know that other conspirators were involved with those with whom he directly conspires; and (3) he has reason to believe that whatever benefits he might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy is minor or for a short period of time.  One who willfully and knowingly joins or remains in an existing conspiracy is as responsible for it as any other co-conspirator.  Events that occurred before a conspirator joined a conspiracy may be considered by you to prove the nature and scope of the conspiracy at the time he joined.  On the other hand, one who has no knowledge of the conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a co-conspirator.  Similarly, a person does not become a co-conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists or merely being present at the scene of a transaction or event related to the conspiracy.

I said a moment ago that a criminal conspiracy is an agreement to commit a target crime.  What is the target crime charged in Count One?  Under the RICO statute, it is a crime to conduct, or to participate in the conduct of, the affairs of an enterprise through a pattern of racketeering activity.  In turn, the RICO statute further makes it a crime to conspire to conduct, or to participate in the conduct of, the affairs of an enterprise through a pattern of racketeering activity.  Count One charges RICO conspiracy.

### **Enterprise**

The term enterprise is part of the requirement that the government prove an agreement to conduct or to participate in the conduct of the affairs of an enterprise.  What is an enterprise?  An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group need not be a corporation or formal partnership or other legally recognized entity.  In addition to having a

United States District Court

For the Northern District of California

common purpose, the group must have an ongoing organization, either formal or informal, but no particular structure is required.  The personnel of the enterprise may change over time.

The government must prove that the charged enterprise itself, or the racketeering activities of those associated with it, had some effect upon interstate or foreign commerce.  The effect may occur in any way and it need only be minimal.  This requirement is met if the enterprise or its activities involved interstate or foreign communication devices (e.g. telephone, internet, United States Postal Service) or the possession and use of firearms which traveled in interstate or foreign commerce.

**Pattern of Racketeering Activity**

The government must also prove that the conspiracy contemplated that the enterprise would be conducted through a pattern of racketeering activity.  A "pattern of racketeering activity" is two or more racketeering acts that have a relationship to each other and that amount to or pose a threat of continued criminal activity.  Racketeering acts have a relationship to each other when they have the same or similar purposes, results, participants, victims or methods of commission.  Sporadic or widely separated and isolated criminal activity does not form a pattern of racketeering activity.

**Racketeering Act**

The RICO statute defines a racketeering act to be any of a long list of certain crimes, some of which are other federal crimes and some of which are state crimes.  I will now list the racketeering acts alleged in this case and describe them.  The two contemplated racketeering acts may be of the same type, for example, two murders; or, the two acts may be one of one type, for example, murder, and one of another type, for example, attempted extortion.

*Murder —* Murder means unlawfully killing a person with malice aforethought.  There are two kinds of malice aforethought:  express malice aforethought and implied malice aforethought.  Proof of either is sufficient to establish the state of mind required for murder. A person acts with express malice aforethought if he has a specific intent to unlawfully kill. A person acts with implied malice aforethought if:  (1) the killing results from an intentional act; (2) the natural consequences of the act are dangerous to human life; and (3) the act was

**United States District Court**
For the Northern District of California

1   deliberately performed with knowledge of the danger and with conscious disregard to

2   human life.

3       Malice aforethought does not require hatred or ill will toward the victim.  It is a mental

4   state that must be formed before committing the act that causes the victim's death.  It does not

5   require deliberation or the passage of any particular period of time.

6       *Attempted Murder* — Attempted murder consists of taking at least one direct but

7   ineffective step toward killing another person and doing so with express malice aforethought

8   — which I defined for you in my discussion of murder.  The direct but ineffective step must

9   be more than merely planning or preparing to commit the crime or obtaining or arranging for

10  something needed to commit the crime — it must indicate a certain and unambiguous intent to

11  commit the crime.  The act must be an immediate step towards the commission of the crime

12  and must put a plan in motion so that the plan will, if completed, result in the crime

13  being committed.

14      *Conspiracy to Commit Murder* — Conspiracy to commit murder consists of the following

15  three essential elements:  (i) a person specifically and intentionally agrees with one or more

16  others to commit murder; (ii) at the time of the agreement, the person and one or more of the

17  other alleged members of the conspiracy harbors express malice aforethought — which I

18  previously defined for you; and (iii) an overt act is committed by one or more of the persons who

19  agree and intend to commit murder.  An "overt act" is an act by one or more of the members of

20  the conspiracy that is done to help accomplish the agreed-upon crime.  The overt act must

21  happen after the person has joined the conspiracy.  The overt act must be more than the act of

22  agreeing or planning to commit the crime, but it does not have to be a criminal act itself.

23      *Solicitation of Murder* — Solicitation of murder consists of the following three

24  essential elements:  (i) a person requests someone else to commit or join in the commission of

25  the crime of murder; (ii) the person specifically intends that the crime of murder be

26  committed; and (iii) the soliciting message is received by the intended recipient.

27      *Robbery* — Robbery consists of the following five essential elements:  (i) a person

28  takes property that is not his or her own; (ii) the property is taken from another person's

possession and immediate presence; (iii) the property is taken against that person's will; (iv) the perpetrator uses force or fear to take possession of the property or maintain possession of the property; and (v) when the perpetrator takes the property, he or she specifically intends to permanently deprive the property from whomever it was taken.  The intent to take the property must be formed before or during the time that he or she uses force or fear.  If this intent arises only after the use of force or fear, then there is no crime of robbery.

*Attempted Robbery* — Attempted robbery consists of the following two essential elements:  (i) taking a direct but ineffective step toward committing robbery; (ii) with specific intent to commit robbery.  I previously defined "direct but ineffective step" for you in my definition of attempted murder.

*Extortion* — Extortion consists of the following four essential elements:  (i) obtaining money or property from a victim; (ii) with the consent of the victim; (iii) when such consent is induced by the wrongful use of force or fear; and (iv) the perpetrator uses force or fear with the specific intent to induce the victim to consent to give up his or her money or property. The term consent has a special meaning here.  Consent for extortion can be coerced or unwilling, as long as it is given as a result of the wrongful use of force or fear.  The threat or use of force must be the controlling reason that the other person consents.  If the other person consents because of some other controlling reason, there is no extortion.  The threat may involve harm to be inflicted by the perpetrator or by someone else.

*Attempted Extortion* — Attempted extortion consists of the following two essential elements:  (i) taking a direct but ineffective step toward committing extortion; (ii) with the specific intent to commit extortion.  I previously defined "direct but ineffective step" for you in my definition of attempted murder.

\*                    \*                    \*

All of the foregoing are state crimes but are incorporated into the federal RICO statute as racketeering acts.  Now I will tell you about other federal offenses that qualify as racketeering acts under the RICO statute.

15

*Possession with Intent to Distribute a Controlled Substance* — Possession with intent to distribute a controlled substance consists of the following two essential elements: (i) knowingly possessing the controlled substance; (ii) with the intent to deliver it to another person.

*Narcotics Conspiracy* — The crime of conspiracy to distribute or to possess with intent to distribute a controlled substance consists of the following three essential elements: (i) two or more persons agree either to distribute a controlled substance or to possess a controlled substance with the intent to distribute it; (ii) the accused co-conspirator knows the agreement has an unlawful object or purpose; and (iii) the accused co-conspirator joins in the agreement intending to deliver or transfer possession to another person.

*Witness Retaliation and Tampering* — Witness retaliation and tampering means killing or attempting to kill another person with the intent to do one of the following: (i) prevent the attendance or testimony of another person in an official proceeding; (ii) prevent the production of a record, document or other object in an official proceeding; or (iii) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense or a violation of conditions of probation, parole or release pending judicial proceedings.

Witness retaliation and tampering also means using physical force or the threat of physical force against another person, or attempting to do so in order to: (i) influence, delay or prevent the testimony of any person in an official proceeding; (ii) cause or induce another person to: (a) withhold testimony or withhold a record, document or other object from an official proceeding; (b) alter, destroy, mutilate or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding; or (c) be absent from an official proceeding to which that person has been summoned by legal process; or (iii) hinder, delay or prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense or a violation of conditions of probation, parole or release pending judicial proceedings.

16

United States District Court

For the Northern District of California

*Obstruction of Justice* — Obstruction of justice means influencing, obstructing, impeding, or trying to influence, obstruct or impede the due administration of justice and doing so corruptly, or by threats or force, or by any threatening communication, with the intent to obstruct justice.

\*               \*               \*

This concludes the list of alleged racketeering acts. Remember that the government must prove that the conspiracy was to conduct or to participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity, including at least two alleged racketeering acts.

Your verdict on Count One, if unanimous, must be entered under Question 1A on the special verdict form. You will do the same for all other counts — enter your unanimous verdict for each count under the question that corresponds to that count.

**27.**

If you find defendant Velasquez guilty of the RICO conspiracy in violation of 18 U.S.C. 1962(d), you must then determine whether the government has proven beyond a reasonable doubt that certain particular offenses were part of the pattern of racketeering activity that he knowingly and intentionally agreed would be committed within the essential nature and scope of the enterprise and fill out Question 1B on the special verdict form accordingly. These offenses are: (1) murder; and (2) conspiracy to commit murder. The elements of these offenses were just provided to you. You must determine whether defendant Velasquez knowingly agreed that either of these two offenses would be part of the activity taken in furtherance of the RICO conspiracy charged in Count One. Your decision must be unanimous.

**28.**

Turning to Count Two, it is another conspiracy charge against defendant Velasquez but charges a different type of conspiracy. Count Two charges that defendant Velasquez — along with others known and unknown — knowingly and intentionally conspired to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5). Specifically, the indictment alleges that defendant Velasquez agreed to kill actual and suspected Norteños,

**United States District Court**
For the Northern District of California

actual and suspected members of other gangs, and individuals suspected of cooperating with law enforcement, in order to gain entrance to, or to maintain or increase his position in the alleged enterprise.  This is not an alleged RICO conspiracy but an alleged conspiracy under 18 U.S.C. 1959(a)(5).

In order to prove defendant Velasquez violated 18 U.S.C. 1959(a)(5), the government must prove the following elements beyond a reasonable doubt.

*First*, an enterprise affecting interstate or foreign commerce existed.  The requirements to prove an enterprise were previously explained to you in my discussion of Count One.

*Second*, the enterprise engaged in racketeering activity.  Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, defendant Velasquez knowingly and intentionally conspired to commit murder. The elements the government must prove beyond a reasonable doubt to establish a conspiracy to commit murder were previously explained to you in my discussion of Count One.

*Fourth*, defendant Velasquez's purpose in conspiring to commit murder was to gain entrance to, or to maintain or increase his position in the enterprise.  It is not necessary for the government to prove that this motive was his sole purpose, or even his primary purpose in committing the charged crime.  You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise was a substantial purpose or that he committed the charged crime as an integral aspect of membership in the enterprise.  An incidental motivation, however, is not enough.

In determining defendant Velasquez's purpose in committing the alleged crime, you must determine what he had in mind.  Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

**29.**

Turning to Count Three, it is yet another conspiracy charge.  Count Three charges that defendant Velasquez — along with others known and unknown — knowingly and intentionally conspired to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. 1959(a)(6).  Specifically, the indictment alleges that defendant

Velasquez agreed to attack with firearms, knives and other dangerous weapons actual and suspected Norteños, actual and suspected members of other gangs, and individuals suspected of cooperating with law enforcement, in order to gain entrance to, or to maintain or increase his position within the alleged enterprise.

In order to prove defendant Velasquez violated 18 U.S.C. 1959(a)(6), the government must prove the following elements beyond a reasonable doubt.

*First*, an enterprise affecting interstate commerce existed.  The requirements to prove an enterprise were previously explained to you in my discussion of Count One.

*Second*, the enterprise engaged in racketeering activity.  Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, defendant Velasquez knowingly and intentionally conspired to commit assault with a dangerous weapon.  In order to prove conspiracy to commit assault with a dangerous weapon, the government must show that defendant Velasquez specifically intended to agree and did agree with one or more other persons to intentionally and unlawfully commit assault with a dangerous weapon, and that an overt act was committed by one or more persons who agreed and intended to commit the assault.  Overt act was previously defined for you in my discussion of Count One.

*Fourth*, defendant Velasquez's purpose in conspiring to commit assault with a dangerous weapon was to gain entrance to, or to maintain or increase his position in the enterprise.  As stated before, it is not necessary for the government to prove that this motive was his sole purpose, or even his primary purpose in committing the charged crime.  You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise was a substantial purpose or that he committed the charged crime as an integral aspect of membership in the enterprise.  An incidental motivation, however, is not enough.

In determining defendant Velasquez's purpose in committing the alleged crime, you must determine what he had in mind.  Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

**United States District Court**
For the Northern District of California

I previously provided you with the definition of overt act in my discussion of the alleged racketeering acts. I have not yet provided you with a definition of assault with a dangerous weapon. Assault with a dangerous weapon consists of the following essential elements. *First*, someone willfully does an act with a dangerous weapon that by its nature would directly and probably result in the application of force to a person. Someone commits an act "willfully" when he does it willingly or on purpose. It is not required that he intend to break the law, hurt someone else or gain any advantage. *Second*, when the accused person acts, he is aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone. *Third*, when the accused person acts, he has the present ability to apply force with a dangerous weapon to a person.

**30.**

Count Four charges defendant Velasquez with possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. 924(c). The crimes of violence alleged in this count are: RICO conspiracy in violation of 18 U.S.C. 1962(d), as charged in Count One; conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5), as charged in Count Two; and conspiracy to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. 1959(a)(6), as charged in Count Three. If you find defendant Velasquez not guilty of all of Counts One, Two and Three, then you must also find him not guilty of Count Four. If you find defendant Velasquez guilty of Counts One, Two or Three, you must still consider whether he is guilty of Count Four.

In order for defendant Velasquez to be found guilty of Count Four, the government must prove the following beyond a reasonable doubt:

*First*, defendant Velasquez committed at least one of the crimes charged in Counts One, Two or Three — all of which alleged crimes I instruct you are crimes of violence within the meaning of the law. You must all unanimously agree on which of Counts One, Two, or Three he committed, if any.

*Second*, defendant Velasquez knowingly possessed a firearm. An act is done knowingly if the person is aware of the act and does not act through ignorance, mistake or

United States District Court

For the Northern District of California

accident.  You may consider evidence of defendant Velasquez's words, acts or omissions, along with all the other evidence, in deciding whether he acted knowingly.

*Third*, defendant Velasquez possessed the firearm in furtherance of any crime proven under Count One, Two or Three.

A person possesses a firearm if the person knows of its presence and has physical control over it, or knows of its presence and has the power and intention to control it.  More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

In the alternative, defendant Velasquez may be found guilty of this count even if he did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove defendant Velasquez guilty of aiding and abetting, the government must prove the following beyond a reasonable doubt:

*First*, the crime of possessing a firearm in furtherance of a crime of violence was committed by someone;

*Second*, defendant Velasquez knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

*Third*, defendant Velasquez acted before the crime was completed.  It is not enough that he merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that he acted with the knowledge and intention of helping that person commit the charged crime.

If the government relies on aiding and abetting, the government is not required to prove who committed the crime but is required to prove that defendant Velasquez knowingly and intentionally aided and abetted each element of the offense by the other person.

**31.**

Now I will provide you with more general instructions that apply more broadly to all or at least some of the counts.

21

**United States District Court**
For the Northern District of California

**32.**

It is not a crime simply to be a member of a gang.  Rather, as I have already described, the crimes charged in this case allege specific federal crimes.  In deciding whether the government has proven the required elements of the crimes charged, you may consider the fact of gang membership, if proven, and give it such weight as you think it deserves in deciding whether the required elements have been proven for the crimes charged.

**33.**

Evidence has been admitted that defendant Velasquez may have suffered from diminished mental capacity at the time of the crimes charged.  Whether he actually did or did not or the actual extent thereof is for you to decide.

You may consider all evidence bearing on the issue of defendant Velasquez's mental capacity in deciding whether the government proved beyond a reasonable doubt that he acted with the mental state required to commit the crimes charged.

**34.**

The punishment provided by law for the alleged crimes is for the Court to decide, if a guilty verdict is returned.  You may not consider punishment in deciding whether the government has proven its case against defendant Velasquez beyond a reasonable doubt. Punishment is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

**35.**

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court. I recommend that you select a foreperson who will be good at leading a fair and balanced discussion of the evidence and the issues.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict as to each count, if any, must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**36.**

Most, if not all, of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes.  When you go into the jury room, the Clerk will bring you the trial exhibits received into evidence to be available for your deliberations.

**37.**

When you retire to the jury room to deliberate, you will have with you the following things:

1.    Exhibits received into evidence;

2.    Possibly an index to the exhibits (but please remember that the index is not itself evidence);

3.    A work copy of these jury instructions for each of you;

4.    A work copy of the verdict form for each of you; and

5.    An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not inadvertently see any of your work in progress.

**38.**

The admitted exhibits will be placed in the jury room during your deliberations with the exception of the firearms and ammunition.  If you wish to examine the firearms and ammunition, please send out a note and we will make arrangements for you to do so.

**39.**

As I said, you will have the exhibits in the jury room.  Most of the exhibits were displayed on the Elmo and some witnesses used the computer graphics feature to draw lines, arrows, X's and so forth.  Those graphic drawings are not in evidence but most were preserved and if you wish to see any of those graphics again, you may request to reconvene in the courtroom to re-view a graphic, assuming it was preserved.

**40.**

In your deliberations it is usually a mistake to take a straw vote early on.  This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging in their heels.  Rather, it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote.  In this way, all the viewpoints will be on the table before anyone expresses a vote.  These are merely recommendations, however, and it is up to you to decide on how you wish to deliberate.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the innocence or guilt of defendant Velasquez, until after you have reached a unanimous verdict or have been discharged.

**41.**

You have been required to be here each day from 7:45 a.m. to 1:00 p.m.  Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine.  The Court does, however, recommend that you continue to start your

1   deliberations by 8:00 a.m.  If you do not reach a verdict by the end of today, then you will

2   resume your deliberations tomorrow and thereafter.

3        It is very important that you let the Clerk know through the marshal in advance what

4   hours you will be deliberating so that the lawyers may be present in the courthouse at any

5   time the jury is deliberating.

6   **42.**

7        You may only deliberate when all twelve of you are together in the same room.  This

8   means, for instance, that in the mornings before everyone has arrived or when someone steps

9   out of the jury room to go to the restroom, you may not discuss the case.  As well, the

10  admonition that you are not to speak to anyone outside the jury room about this case still

11  applies during your deliberations.

12  **43.**

13       Some of you are serving as alternate jurors.  As such, you will not be deliberating with

14  the rest of the jury at the outset.  You will leave before the jury begins its deliberations.  You

15  may, however, be called in to replace one of the jurors.  Your responsibilities as an alternate

16  therefore remain in effect.  This means you are not to discuss this case with anyone until you

17  join the regular jury in deliberations or until a verdict is returned and I expressly release you

18  from service.  If it becomes necessary to have you replace a juror, you will be asked to return

19  to the court.  You will then be sworn into the main jury and you and the rest of the jury will

20  begin deliberations anew.  If you will not be needed, you will be notified as soon as the Court

21  itself makes that determination.

22       Sometimes alternate jurors are tempted to tell the main twelve jurors how they feel

23  about the case before they leave and sometimes the main twelve jurors are tempted to seek the

24  input of the alternates before the alternates leave.  No, you must not do this.  The twelve

25  jurors may not receive or consider the views of the alternates unless and until, if ever, one or

26  more alternates are sworn into the main jury.

27

28

**44.**

If and when you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the master copy of the verdict form and advise the Court through the marshal that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.

I am about to ask all of you to return to the jury room. Our alternate jurors should first proceed to the jury room and retrieve their personal items and return to work or home, as the case may be. As soon as they have done so, the marshal will then escort the remaining twelve jurors to the jury room. Please do not begin your deliberations until all twelve of you are in the jury room together and the alternate jurors have left. The Clerk will bring the trial exhibits into the jury room. Thank you all for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated:  November 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE